**V.C. TANK LINES, INC., McKenzie Tank Lines, and Max W. McLeod, Appellants–Defendants,**

v.

**Ronald FAISON, Appellee–Plaintiff.**

**No. 93A02–0103–EX–133.**

Court of Appeals of Indiana.

Sept. 17, 2001.

Timothy O. Malloy, Jane R. Kamm, Schreiner & Malloy, P.C., Highland, IN, Attorneys for Appellants.

Andrew A. Crosmer, Rubino & Crosmer, Dyer, IN Attorney for Appellee.

## OPINION

MATHIAS, Judge.

V.C. Tank Lines, Inc., McKenzie Tank Lines, and Max W. McLeod ("V.C. Tank Lines") appeal the trial court's denial of their Motion to Vacate Judgment. V.C. Tank Lines raises two issues, which we restate as one: whether the trial court abused its discretion when it denied V.C. Tank Lines' Motion to Vacate Judgment.

We affirm.

### Facts and Procedural History

In July 1998, Ronald L. Faison ("Faison"), an employee of V.C. Tank Lines, an Indiana corporation, was injured during the course and scope of his employment, when the truck he was driving left the roadway and proceeded off a cliff in West Virginia. Faison suffered a broken neck as a result of the accident. V.C. Tank Lines was aware of Faison's injury at all relevant times.[1] On October 15, 1998, Faison filed an Application for Adjustment of Claim with the Indiana Worker's Compensation Board ("the Board"). The cover letter accompanying the Application for Adjustment of Claim indicated that a copy was sent to V.C. Tank Lines.[2] Notices of two pre-trial conferences were sent to V.C.

---

1. V.C. Tank Lines made "temporary total disability" payments to Faison directly beginning in August 1998 and continuing until January 1999, in addition to paying two of Faison's medical bills in April 1999. *See* Appellant's App. p. 164–90.

2. During the proceedings before the Board and the trial court, copies of all documents,

Tank Lines by the Board. V.C. Tank Lines did not appear at either pre-trial conference.

On April 22, 1999, Faison filed a Claim for Bad Faith pursuant to Indiana Code section 22–3–4–12. Faison alleged that V.C. Tank Lines had acted in bad faith because it failed to appear at the pre-trial conferences, and had not revealed the name of its worker's compensation insurance carrier, or paid any of Faison's medical bills despite his repeated requests. A certificate of service signed by Faison's attorney, was included in the pleading and certified that a copy was sent to V.C. Tank Lines.

On May 5, 1999, the Board sent notice of a June 17, 1999 hearing to V.C. Tank Lines. V.C. Tank Lines did not appear at the hearing. Prior to the hearing, Faison discovered that V.C. Tank Lines was doing business as McKenzie Tank Lines. At that time, the Secretary of State's office did not have a listing for McKenzie Tank Lines, but still had a listing for V.C. Tank Lines. Faison also learned that V.C. Tank Lines' worker's compensation insurance had expired the previous year. Therefore, on July 19, 1999, Faison filed a Motion to Amend Application and Complaint for Bad Faith to add McKenzie Tank Lines and Max W. McLeod, as a registered agent of V.C. Tank Lines, as defendants. A certificate of service was included with the motion which certified that copies were sent to all three named defendants.

A final hearing was held on November 18, 1999. V.C. Tank Lines did not appear. On December 2, 1999, the Board's hearing member awarded $106,164.88 in worker's compensation to Faison in addition to a $20,000 bad faith award.[3] A stamp on the order indicated that the Board sent copies to all parties and counsel.

On January 27, 2000, at the request of Faison, the Board issued a Notice and Order, which authorized Faison to file a certified copy of the award of the Board in Circuit or Superior court not less than five days from the date of the order. The Board sent a copy of the order to V.C. Tank Lines.

On March 1, 2000, Faison filed a Petition for Judgment in Lake Superior Court naming V.C. Tank Lines, McKenzie Tank Lines, and Max W. McLeod as defendants. The petition alleged that V.C. Tank Lines had failed to pay any part of the worker's compensation award as ordered by the Board and that Faison was entitled to judgment against V.C. Tank Lines. Faison's counsel signed a certificate of service, which certified that a copy of the pleading was sent to V.C. Tank Lines. On March 21, 2000, the trial court issued a judgment against V.C. Tank Lines in the amount of $135,488.16 plus 8% interest until the judgment is paid. A copy of the judgment was sent to V.C. Tank Lines.[4]

On April 26, 2000, the trial court held a proceedings supplemental hearing and

including all pleadings were sent to V.C. Tank Lines at the following address: 1020 Kennedy Avenue, Schererville, Indiana 46735. This was the address of record for V.C. Tank Lines in the Secretary of State's office. Corporations are required to list the street address of its initial registered office in its Articles of Incorporation, which are then filed with the Secretary of State. Ind.Code § 23–1–21–2 (1998).

3. Faison's worker's compensation award was doubled because V.C. Tank Lines' worker's

compensation insurance had expired. Also, the Board awarded attorney fees to Faison's counsel in the amount of $6,666.66.

4. It appears that copies of the judgment were sent by certified mail. In the Appellant's Appendix, there is a copy of a signed domestic return receipt card addressed to McKenzie Tank Lines at the Kennedy Avenue address, and the date of delivery is noted as April 3, 2000. Appellant's App. p. 145.

V.C. Tank Lines failed to appear. However, on that same date, an attorney entered his appearance for V.C. Tank Lines. On June 2, 2000, Faison filed an Application for Citation, which requested that the trial court order V.C. Tank Lines to show cause why it should not be held in contempt for failure to abide by the court's order. The trial court ordered V.C. Tank Lines to appear on July 24, 2000. V.C. Tank Lines did not appear on that date as ordered; therefore, the trial court ordered sanctions of attorney fees and ordered a bench warrant issued against V.C. Tank Lines if it failed to appear on August 29, 2000.

On August 28, 2000, counsel for V.C. Tank Lines withdrew and a new attorney entered his appearance. On August 29, 2000, V.C. Tank Lines filed a Motion to Vacate Judgment. After several pleadings were filed concerning the motion, the trial court denied V.C. Tank Lines' motion on January 2, 2001. V.C. Tank Lines appeals.

### Standard of Review

 A motion made under Indiana Trial Rule 60(B) is addressed to the "equitable discretion" of the trial court. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 278 (Ind.Ct.App.2000), *trans. denied.* The denial of a Trial Rule 60(B) motion will be reversed only if the trial court has abused its discretion. *Id.* An abuse of discretion will be found only when the trial court's judgment is clearly erroneous. *Id.* at 279. A trial court's action is clearly erroneous when it is "against the logic and effect of the facts before it and the inferences which may be drawn therefrom." *Id.* In ruling on a Trial Rule 60(B) motion, the trial court is required to "balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation." *Chelovich v. Ruff & Silvian Agency*, 551 N.E.2d 890, 892 (Ind.Ct.App.1990).

### Discussion and Decision

 V.C. Tank Lines argues that it is entitled to relief from judgment pursuant to Indiana Trial Rule 60(B)(6) because it did not receive notice of the proceedings against it. Trial Rule 60(B)(6) provides:

**Relief from judgment or order. (B) Mistake Excusable Neglect–Newly Discovered Evidence–Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default for the following reasons: (6) the judgment is void; . . . .

Under Trial Rule 60(B), the burden is on the movant to establish grounds for relief. *McIntyre v. Baker*, 703 N.E.2d 172, 174 (Ind.Ct.App.1998).

V.C. Tank Lines argues that we should treat its Motion to Vacate Judgment as a Trial Rule 60(B) motion. In its Motion to Vacate Judgment, V.C. Tank Lines did not make any reference to Trial Rule 60(B), however, in its Memorandum of Law in support of its motion, V.C. Tank Lines did address Rule 60(B); therefore, we will treat the motion as a Rule 60(B) motion.

 V.C. Tank Lines essentially argues that it did not receive notice of any of the proceedings against it. V.C. Tank Lines specifically alleges that it did not receive notice of: 1) the December 9, 1999 order issued by the Board's hearing member, 2) the required five days' notice prior to filing a copy of the worker's compensation award with the trial court pursuant to Indiana Code section 22–3–4–9(a),[5] and 3) the judg-

---

5. Indiana Code section 22–3–4–9(a) provides: (a) Upon order of the worker's compensation board made after five (5) days notice is given to the opposite party, any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of . . . an award of the full board unappealed from, . . . where-

ment entered by the trial court on March 21, 2000.

It is the policy of the Board "to determine all questions brought before it as speedily and expeditiously as possible. Therefore, proceedings before the industrial board shall be conducted with the least possible expense and with the greatest practical dispatch." Ind. Admin. Code tit. 631, r. 1–1–10 (2001). The Board is not bound by any technical rules of practice when it conducts hearings, but "will conduct such hearings ... in such a manner as in its judgment are best adapted to ascertain the substantial rights of the parties and to carry out justly the spirit of 'The Indiana Workmen's Compensation Act'" Ind. Admin. Code tit. 631, r. 1–1–3 (2001).

█ The Board's rules and procedures are set forth in the Indiana Administrative Code. Concerning notice, the rule in proceedings before the Board is that: "Notice of all hearings and proceedings before the board, unless otherwise directed by statute, shall be given by mail, and proof of the mailing of any such notice shall be prima facie proof of the service thereof." Ind. Admin. Code tit. 631, r. 1–1–10 (2001). The fact that notice and a copy of the hearing member's award were properly sent is presumed in the absence of a showing to the contrary. *Gould Motor Co. v. Vierra,* 129 Ind.App. 410, 419, 157 N.E.2d 204, 208 (1959). The Board's rules also provide that all pleadings shall contain a certification that a copy of the pleading was served upon the opposing party. Ind. Admin. Code tit. 631, r. 1–1–5 (2001). In rule 1–1–5, the Board has also incorporated, by reference, the provisions of Indiana Trial Rule 5 for the purposes of calculating

time limitations with regard to service and filing of documents with the Board. *Id.*

In addition, Trial Rule 5(B) describes the method for serving pleadings, orders, notices, and other papers and states that service upon a party "shall be made by delivering or mailing a copy of the papers to him at his last known address." Trial Rule 5(B) also provides:

Service shall be deemed complete upon mailing. Proof of service of all papers permitted to be mailed may be made by written acknowledgment of service, by affidavit or the person who mailed the papers, or by certificate of an attorney.

During the proceedings before the Board and the trial court, copies of all documents, including all pleadings were sent to V.C. Tank Lines at the following address: 1020 Kennedy Avenue, Schererville, Indiana 46735. This was the address listed for V.C. Tank Lines with the Secretary of State's office as required by Indiana Code section 23–1–21–2. Pursuant to rule 1–1–5, which is set forth above, a certificate of service was signed by Faison's counsel on all pleadings, which certified that a copy of the pleading was sent to V.C. Tank Lines at the address listed above. Also, in accordance with rule 1–1–10, the Board sent notices of all hearings to V.C. Tank Lines, presumably at that address, as it was the address provided to the Board by Faison on his Application for Adjustment of Claim.

During the trial court proceedings, orders sent by the court to V.C. Tank Lines were sent to the Kennedy Avenue address and it was the address listed on the Chronological Case Summary. Importantly, V.C. Tank Lines has never shown or even alleged that the Kennedy Avenue address

upon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation there-

to shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court.

set forth above is incorrect. Although the trial court did not issue any findings of fact, an inference may be made that the trial court believed that V.C. Tank Lines had sufficient notice of all proceedings because V.C. Tank Lines' argument to the trial court is similar to its argument presented to our court.

Under these facts and circumstances, the trial court's judgment was not against the logic and effect of the facts before it. Faison served all pleadings and other documents on V.C. Tank Lines as required by Trial Rule 5(B) and rule 1–1–5. His attorney included a certificate of service on every pleading, which certified that a copy of the pleading was sent to V.C. Tank Lines. The Board followed its rule and sent copies of all notices and orders to V.C. Tank Lines. The trial court also sent copies of all notices and orders to V.C. Tank Lines. V.C. Tank Lines had actual notice of Faison's injuries and sufficient notice of the proceedings against it. The trial court's denial of the Motion to Vacate Judgment was not clearly erroneous and was not an abuse of discretion.[6]

Affirmed.

DARDEN, J., and VAIDIK, J., concur.

---

**6.** V.C. Tank Lines also argues that the trial court abused its discretion when it denied its Motion to Vacate Judgment because it has a meritorious defense to plaintiff's judgment. Trial Rule 60(B) requires a movant to establish a meritorious defense if the movant asks the court to grant it relief from judgment for the reasons listed in Rule 60(B)(1), (2), (3), (4), and (8). Because we hold that there is evidence that V.C. Tank Lines was provided with sufficient notice of the proceedings against it and the trial court did not abuse its discretion when it denied the Motion to Vacate Judgment, we need not address this issue.