**Gus GOLDSMITH, Appellant–Plaintiff,**

**v.**

**Amy JONES, et al., Appellees–Defendants.**

No. 10A05–0108–CV–378.

Court of Appeals of Indiana.

Jan. 18, 2002.

Bruce A. Brightwell, Louisville, KY, Attorney for Appellant.

Keith D. Mull, Applegate & Mull, Jeffersonville, IN, Attorney for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Gus Goldsmith ("Goldsmith") appeals the denial of his Indiana Trial Rule 60(B) motion for relief from the judgment entered in his foreclosure action against Amy Jones ("Jones"), Donald and Doris Hickerson ("the Hickersons"), Duard and LuAnn Avery ("the Averys") and Pinnacle Properties Development Group, LLC ("Pinnacle"). We affirm.

### Issue

Goldsmith presents for review a single issue, which we restate as: whether the trial court abused its discretion in denying Goldsmith relief pursuant to Indiana Trial Rule 60(B).

### Facts

On January 3, 2001, Goldsmith filed a complaint against Jones, seeking to foreclose a mortgage granted on October 19, 1999 and having an outstanding principal balance of $70,881.60. Goldsmith named as defendants the Hickersons, the Averys and Pinnacle, who each held a judgment lien against Jones.

On January 31, 2001, Goldsmith filed a Motion for Default and Summary Judgment. The judgment submitted for approval by the trial court provided that the proceeds of sale were to be distributed according to the chronological order of the liens; specifically, the Averys, the Hickersons, Pinnacle and finally, Goldsmith. On February 1, 2001, the trial court granted Goldsmith's motion for default judgment against Jones in the principal sum of $70,881.60 plus per diem interest. Additionally, the trial court granted summary judgment as to the other defendants.

On May 21, 2001, Goldsmith filed a Motion to Amend, premised upon the discovery that his mortgage was actually a purchase money mortgage, which would take priority over other liens.[1] On July 25, 2001, a hearing was held and, on July 31, 2001, the trial court denied Goldsmith's motion. On August 7, 2001, Goldsmith filed a "Motion for Summary Judgment Dismissing Pinnacle Properties" a "Motion to Reconsider as to the Hickerson[s]" and a "Motion for Relief from Judgment." On August 8, 2001, the trial court denied the motions. On August 14, 2001 and on August 15, 2001, Goldsmith filed Motions to Reconsider. The motions were denied on August 27, 2001. Goldsmith now appeals.

### Discussion and Decision

Goldsmith sought relief from the foreclosure judgment pursuant to Indiana Trial Rule 60(B)(1), which provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: mistake, surprise, or excusable neglect[.]

We review the denial of a motion for relief from judgment under Indiana Trial Rule 60(B) only for an abuse of discretion because such a motion is addressed to the equitable discretion of the trial court. *V.C. Tank Lines, Inc. v. Faison,* 754 N.E.2d 1061, 1064 (Ind.Ct.App.2001). An abuse of discretion will be found only when the trial court's judgment is clearly erroneous. *Id.* A trial court's action is clearly erroneous when it is against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id.*

---

**1.** Indiana Code section 32–8–11–4 provides: "A mortgage granted by a purchaser to secure purchase-money shall have preference over a prior judgment against such purchaser."

In ruling on a Trial Rule 60(B) motion, the trial court is required to "balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation." *Id.* (quoting *Chelovich v. Ruff & Silvian Agency*, 551 N.E.2d 890, 892 (Ind.Ct.App.1990)). However, a motion for relief from judgment under Indiana Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind.Ct. App.1980).

■■■ Goldsmith claims that he is entitled to relief from the judgment entered at his behest because (1) according to Indiana Code section 32-8-11-4, a purchase money mortgage is entitled to priority over other liens; (2) defendants Pinnacle and the Averys did not dispute the statutory priority of a purchase money mortgage; and (3) the Hickersons did not appear at a Trial Rule 60(B) hearing to dispute the statutory priority of a purchase money mortgage. Goldsmith's argument fails for two reasons. First, Trial Rule 60(B) does not provide a vehicle whereby a party may be afforded relief from his mistake of law. *Mason v. Ault*, 749 N.E.2d 1288, 1292 (Ind.Ct.App.2001), *reh'g. denied.* Second, under Trial Rule 60(B), the burden is on the movant to establish grounds for relief. *Indiana Ins. Co. v. Insurance Co. of North America*, 734 N.E.2d 276, 278 (Ind.Ct.App. 2000), *trans. denied.* Thus, it was not incumbent upon the defendants to establish Goldsmith's lack of entitlement to relief.

■■■ Finally, Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. *Whitaker v. St. Joseph's Hospital*, 415 N.E.2d 737, 744 n. 6 (Ind.Ct.App.1981). Here, Goldsmith petitioned the trial court for foreclosure of his mortgage without promptly ascertaining the character and legal consequences of that mortgage. Judgment was entered in accordance with Goldsmith's request, and he then perfected no appeal of the judgment of foreclosure. In entertaining Goldsmith's Trial Rule 60(B) motion, the trial court was unable to "balance the alleged injustice suffered by the movant against the interests of the winning party," as the movant and the winning party were the same. Goldsmith has made no showing of exceptional circumstances that would invoke the trial court's equitable powers under Trial Rule 60(B).

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.