**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**KIMBERLY KRAEMER**
Marion, Indiana

ATTORNEY FOR APPELLEE:

**SCOTT RICHARDS**
Indianapolis, Indiana



FILED

Aug 08 2014, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KIMBERLY KRAEMER, )
)
    Appellant-Defendant, )
)
      vs. )    No. 27A05-1311-CT-544
)
HAULERS INSURANCE CO., INC., )
as subrogee of Linda Shanabarger, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-1302-CT-16

**August 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

This case is a classic illustration of the hazards of self-representation. Kimberly Kraemer, pro se, appeals the trial court's denial of her motion to correct error and her request for the trial court to set aside the summary judgment entered in favor of Haulers Insurance Co., Inc., as subrogee of its insured, Linda Shanabarger. The sole restated issue presented for our review is whether the trial court abused its discretion when it denied Kraemer's request for relief. Concluding that Kraemer has waived our appellate review and, waiver notwithstanding, that she has failed to demonstrate an abuse of discretion, we affirm.

**Facts and Procedural History**

The relevant facts indicate that Kraemer was involved in an auto accident with Haulers' insured, Shanabarger, on March 2, 2012. Haulers, as subrogee, filed a complaint against Kraemer on February 15, 2013. Kraemer filed her answer to the complaint on March 4, 2013. Haulers filed a motion for summary judgment and designation of evidence on May 6, 2013. Kraemer did not file a response to the motion or designate any evidence. Thereafter, on June 26, 2013, the trial court entered summary judgment in favor of Haulers. Kraemer filed a motion to correct error, or in the alternative, a motion for relief from the trial court's entry of summary judgment. Following a hearing, the trial court entered its order denying Kraemer's motion. This appeal ensued.

**Discussion and Decision**

Kraemer appeals the trial court's denial of her motion to correct error, which she alternately also framed as an Indiana Trial Rule 60 motion for relief from judgment. We

2

review such motions for an abuse of discretion. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013) (motion to correct error standard of review); *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006) (Trial Rule 60(B) standard of review). An abuse of discretion occurs if the trial court's decision is contrary to the logic and effect of the facts and circumstances before it, or when the trial court errs as a matter of law. *Id.* Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002). On appeal, we will not reweigh the evidence, and the burden is on the movant to demonstrate that relief is both necessary and just. *Wagler v. W. Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *trans. denied* (2013), *cert. denied* (2014).

We begin by noting that Kraemer continues to represent herself on appeal as she did before the trial court. We emphasize that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.*, 4 N.E.3d 1158, 1164 (Ind. 2014). Indeed, a pro se appellant proceeds at the same risk as any other party before this Court, and there is no reason for us to indulge any benevolent presumptions on her behalf or to overlook any rule for the orderly and proper conduct of her appeal. *Foley v. Manor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006). Kraemer fails to cite a single legal authority in her entire appellant's brief in support of her claim that she is entitled to relief from the trial court's entry of summary judgment. Moreover, her unsupported arguments are rambling and disjointed. Kraemer's failure to present cogent argument supported by legal authority constitutes a waiver of her claims for

appellate review. *Wenzel v. Hopper & Galliher, P.C.*, 830 N.E.2d 996, 1004 (Ind. Ct. App. 2005); *see* Ind. Appellate Rule 46(A)(8)(a) (requiring a party's contentions to "be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on …").

Waiver notwithstanding, we briefly explain that Kraemer has not demonstrated that the trial court abused its discretion in denying her request to set aside summary judgment. Summary judgment is appropriate where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Once the moving party has carried its burden of establishing that no genuine issue of material fact exists, "the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." *Dreaded, Inc. v. St. Paul Guardian Ins. Co.,* 904 N.E.2d 1267, 1270 (Ind. 2009). "[A] nonmovant may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute." *Myers v. Irving Materials, Inc.,* 780 N.E.2d 1226, 1228 (Ind. Ct. App. 2003); *see* Ind. Trial Rule 56(E) ("If [nonmovant] does not so respond, summary judgment, if appropriate, shall be entered against him.").

Because Kraemer failed to include Haulers' summary judgment motion or designation of evidence in her appendix on appeal, we are unable to review whether the designated evidentiary matter established that there was no genuine issue as to any material fact. "It is well settled that the duty of presenting a record adequate for intelligent appellate review on

4

points assigned as error falls upon the appellant." *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006). Thus, presuming that Haulers met its initial summary judgment burden, as Kraemer gives us no concrete evidence to doubt the trial court's conclusion in this regard, Kraemer failed to respond or designate any evidence setting forth specific facts showing that there remained a genuine issue in dispute. *See* Ind. Trial Rule 56(C) (adverse party shall have thirty days after service of the motion to serve a response and any opposing affidavits). In requesting that the trial court set aside the summary judgment, Kraemer argued that, as a pro se litigant, she was unaware that she was required to respond to the motion for summary judgment. The trial court did not abuse its discretion when it concluded that Kraemer's pro se status did not excuse her failure and that she was not entitled to relief from summary judgment on that basis.

As stated above, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith*, 761 N.E.2d at 474. No such circumstances are present here. The trial court's denial of Kraemer's motion to correct error, or in the alternative, motion for relief from judgment is affirmed.[1]

Affirmed.

RILEY, J., and MATHIAS, J., concur.

---

[1] We caution Kraemer that her repeated accusations of ethical violations against the trial judge and counsel for the appellee are misplaced and not well taken by this Court.