## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2016, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Meaghan Klem Haller
Bingham Greenbaum Doll
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Fred Pfenninger
Jonathan P. Sturgill
Pfenninger & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barn Phil, LLC, et al.,

*Appellants-Defendants,*

v.

TWCF Property, LLC,

*Appellee-Plaintiff.*

April 14, 2016

Court of Appeals Case No.
49A02-1508-PL-1043

Appeal from the Marion Superior Court
The Honorable John F. Hanley, Judge

Cause No. 49D11-1410-PL-33066

**Bradford, Judge.**

## Case Summary

[1] Appellants-Defendants Barn Phil, LLC, et al. (collectively, "Barn Phil"), appeal from the trial court's reinstatement of the lawsuit filed against them by Appellee-Plaintiff TWCF Property, LLC. In August of 2014, TWCF filed a

summons in Marion Small Claims Court against Barn Phil seeking possession of premises at 1279 West 29th Street and for damages of $8000.00. When Barn Phil filed a jury demand, the matter was transferred to Marion Superior Court. The trial court ordered TWCF to replead its case, and, when it did not, dismissed the lawsuit. In May of 2015, TWCF moved to have its complaint reinstated pursuant to Indiana Trial Rule 60(B), which the trial court granted. Barn Phil now appeals, contending that the trial court erred in granting TWCF's motion to reinstate. Because we agree with Barn Phil, we reverse and remand with instructions.

# Facts and Procedural History

On August 22, 2014, TWCF filed a complaint in Marion Small Claims Court alleging that Barn Phil was in unlawful possession of leased premises at 1279 West 29th Street in Indianapolis. The complaint sought immediate possession and $8000.00 in damages. On September 19, 2014, Barn Phil filed a jury demand, which the trial court granted five days later, also transferring the case to Marion Superior Court.

On October 17, Marion Superior Court 11 ordered TWCF to replead its case in its entirety, and the corresponding entry in the chronological case summary indicates that "[t]he new complaint shall be filed within twenty (20) days of the date the cause is docketed and filed with the Marion Superior Court. Failure to comply with this rule shall result in the Court imposing sanctions, which may include dismissal or default where appropriate." Appellant's App. p. 1. TWCF

did not replead, and the trial court dismissed the lawsuit on November 20, 2014.

[4] On May 6, 2015, TWCF moved to reinstate its complaint pursuant to Trial Rule 60(B), to which Barn Phil responded on May 21, 2015. On August 11, 2015, the trial court granted TWCF's motion to reinstate its lawsuit.

# Discussion and Decision

[5] Barn Phil contends on appeal that TWCF has failed to establish (1) a surprise, mistake, or excusable neglect that would support reinstatement of their lawsuit or (2) that it had a meritorious claim or that the outcome of the case would be different if tried. TWCF argues that (1) the dismissal by the trial court was without prejudice because the Trial Rules did not yet apply when it occurred and (2) the trial court did not abuse its discretion in reinstating its lawsuit. We address TWCF's claim regarding application of the trial rules first.

## I. Whether the Trial Rules Applied

[6] TWCF claims that pursuant to Marion County Local Rule 49-TR 79.1 Rule 226(A), the Trial Rules regarding involuntary dismissal would not have applied in this case until its claim had been repled. Therefore, TWCF argues, the dismissal of its complaint was without prejudice, thus allowing it to refile without resorting to Trial Rule 60(B). As Barn Phil notes, however, because TWCF advances this argument for the first time on appeal, it is waived for appellate review. *See, e.g.*, *Thompson v. Thompson*, 811 N.E.2d 888, 915 (Ind. Ct.

App. 2004) ("Jack may very well have had a valid dissipation claim. However, Jack's claim cannot be addressed for the first time on appeal."), *trans. denied*.

[7] In any event, TWCF's argument is unpersuasive. Marion County Local Rule 226(A) provides that:

> A cause of action which comes to the Marion Superior Court from the Small Claims Courts of Marion County for either jury trial or appeal shall be repled in its entirety commencing with the plaintiff below filing a new Complaint in compliance with the Indiana Rules of Trial Procedure. The new Complaint shall be filed within 20 days of the date the case is docketed and filed in the Marion Superior Court or as otherwise ordered by the Court. Failure to comply with this Rule shall result in the Court imposing sanctions which may include dismissal or default where appropriate.

[8] TWCF argues that the first sentence of Local Rule 226(A) means that the Trial Rules do not apply until after the new complaint has been filed. This interpretation is not tenable. Indeed, the Local Rule makes it clear that the new complaint must be filed in compliance with the Trial Rules, meaning that they do not "kick in" only after the complaint is filed. And, pursuant to Trial Rule 41(B), dismissal for failure to prosecute a civil action or comply with the Trial Rules "operates as an adjudication on the merits." TWCF's argument that its complaint was not dismissed with prejudice is waived and without merit in any event.

# II.  Trial Rule 60(B)[1]

Trial Rule 60(B) provides, in part, that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:  (1) mistake, surprise, or excusable neglect[.]"  "A motion for relief from a judgment under T.R. 60(B) is addressed to the equitable discretion of the trial court."  *Minnick v. Minnick*, 663 N.E.2d 1226, 1228 (Ind. Ct. App. 1996).

> We review the grant or denial of … Trial Rule 60(B) motions for relief from judgment under an abuse of discretion standard. *Speedway SuperAmerica*, *LLC v. Holmes,* 885 N.E.2d 1265, 1270 (Ind. 2008); *Outback Steakhouse of Florida v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006).  On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law.  *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind. Ct. App. 1998).

*Cleveland v. Clarian Health Partners, Inc.*, 976 N.E.2d 748, 755 (Ind. Ct. App. 2012), *trans. denied*.

> The burden is on the movant to demonstrate that relief under T.R. 60(B) is both necessary and just.  *Fairrow v. Fairrow,* 559 N.E.2d 597, 599 (Ind. 1990).  Relief under T.R. 60(B) also requires that the movant make a *prima facie* showing of a meritorious defense for [reason (1)].  *Smith v. Johnson,* 711 N.E.2d 1259, 1265 (Ind. 1999).  A meritorious defense refers to

---

[1] TWCF also argues that Indiana Code section 34-11-8-1, or the Journey's Account Statute, supports reinstatement of its complaint.  TWCF did not raise this argument below and has therefore waived it for appellate consideration.  *See, e.g.*, *Thompson*, 811 N.E.2d at 915.

> "evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the default to stand." *Id.*

*In re Rueth Dev. Co.*, 976 N.E.2d 42, 51 (Ind. Ct. App. 2012), *trans. denied*.

[10] Trial counsel for TWCF argued below that he believed that the dismissal of TWCF's complaint was without prejudice, allowing it to refile at its leisure. Even if we assume that this is true, we conclude that such a basis is insufficient to support reinstatement. As we have held repeatedly, "Trial Rule 60(B) does not provide a vehicle whereby a party may be afforded relief from his mistake of law." *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002). TWCF contends that ambiguity in the Marion County Local Rules regarding whether the Trial Rules applied to its complaint led not to a mistake but to a reasonable misinterpretation of the applicable law. As we have already concluded, however, TWCF's argument that the Trial Rules would not have applied to its complaint until after it was filed is not tenable. The record indicates that TWCF made a mistake of law, which is insufficient to support reinstatement. "Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Id*. TWCF has failed to establish such extraordinary circumstances. Consequently, we reverse

the trial court's reinstatement of TWCF's complaint and remand with instructions to dismiss it.[2]

[11] We reverse the judgment of the trial court and remand with instructions.

Bailey, J., and Altice, J., concur.

_____

[2] Because we conclude that TWCF has failed to establish a mistake, surprise, or excusable neglect that would justify reinstatement, we need not address its contention that it established that the result of the case would be different if tried.