## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Stephen T. Owens
Public Defender of Indiana

Vickie Yaser
Deputy Public Defender
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent*,

v.

Robert Collier,

*Appellee-Petitioner*.

April 19, 2016

Court of Appeals Case No.
49A04-1508-PC-1036

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

The Honorable Stanley E. Kroh, Magistrate

Trial Court Cause No.
49F15-9608-PC-124576

**Brown, Judge.**

[1] The State appeals the post-conviction court's grant of Collier's motion for relief from judgment. The State raises one issue which we revise and restate as whether the court erred in granting Collier's motion for relief from judgment. We reverse.

## Facts and Procedural History

[2] On August 21, 1997, Collier pled guilty to possession of cocaine as a class D felony. The court sentenced Collier to 545 days in the Department of Correction with 521 days suspended and ninety days of probation.

[3] On August 1, 2001, Collier filed a *pro se* petition for post-conviction relief alleging that he was denied the effective assistance of trial counsel, was misled by the trial court, and his guilty plea was not knowingly, intelligently, or voluntarily made. Collier also indicated that he wished to have the Public Defender represent him and completed an affidavit of indigence. On January 3, 2005, the court entered an order granting a motion filed by a public defender to dismiss the petition without prejudice, and appointed counsel to pursue proceedings under Indiana Post-Conviction Rule 2. On July 14, 2005, the court denied Collier's motion to file a belated notice of appeal, ordered that Collier's original petition for post-conviction relief be reinstated, and scheduled a hearing for September 12, 2005.

[4] On October 6, 2005, a public defender filed a notice of withdrawal of appearance and certification, and the court approved the withdrawal on October 11, 2005. Collier filed a motion to withdraw his petition for post-

conviction relief without prejudice, and the court granted the petition on November 21, 2005.

[5] On August 20, 2007, Collier filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel, claiming that he did not make a voluntary and intelligent guilty plea, and requesting that the court vacate his plea agreement. He completed an affidavit of indigence and indicated that he was detained in the Wabash Valley Correctional Facility and that he wished to have the Public Defender represent him. In September 2007, the court summarily denied Collier's petition for post-conviction relief. The court's order states in part:

> 2. On review of the Court's file, the transcript of the August 21, 1997 guilty plea hearing and sentencing hearing, the Petition, and the plea agreement, the Court finds that pursuant to Post-Conviction Rule 1(4)(f) that if the pleadings show that the petitioner is entitled to no relief, the court may summarily deny the petition. The plea agreement and judgment of conviction show the defendant pled guilty to Possession of Cocaine, Class D felony.

> 3. [Collier] is asserting that if "he had known that the jury would have the option of determining the lesser included offense of possession of cocaine is either inherently of [sic] factually included as a class a misdemeanor" he would not have pled guilty. [Collier] also asserts he was not advised the court would have the option of sentencing him to a class A Misdemeanor.

> 4. The court finds as a matter of law that there is no lesser included offense for the charge of possession of cocaine, class D felony.

> 5. The transcript clearly shows [Collier] was advised at his guilty plea hearing that the court could sentence under alternative misdemeanor sentencing.
>
> 6. The Petition is DENIED.

Appellant's Appendix at 189-190.

[6] Entries in the chronological case summary ("CCS") indicate that Collier filed correspondence with the court and the court sent him a copy of the September 2007 order denying his petition in December 2008, that Collier filed correspondence with the court and the court sent him a copy of the CCS in September 2009, that the petition for post-conviction relief was denied but the file was never closed out and the court did so in July 2011, and that Collier filed correspondence and a motion to compel documents and that the court sent a copy of the September 2007 order in September 2012.

[7] On September 24, 2014, Collier filed another *pro se* petition for post-conviction relief. On April 8, 2015, Collier, by counsel, filed a verified motion for leave to amend his petition for post-conviction relief. That same day, Collier, by counsel, filed a verified motion for relief from the September 2007 order that summarily denied his petition for post-conviction relief. Collier's counsel requested relief "pursuant to Ind. Trial Rule 60(B)(8) and Ind. Post Conviction Rule 1 Section 2" and argued that his August 20, 2007 petition for post-conviction relief affirmatively requested representation by the State Public Defender and included an affidavit of indigence. *Id.* at 231. He further argued

that Indiana Post-Conviction Rule 1(2) imposed a duty upon the court to order a copy of the petition be sent to the Public Defender's Office,[1] that the court's own records appeared to indicate that Collier was not advised of the summary denial of his 2007 petition until it was too late to timely appeal the decision, that counsel's impression was that Collier suffers from cognitive and/or mental deficiencies which interfere with his ability to represent himself, that Collier has a ninth grade education according to the presentence investigation report prepared in 2012, and that a review of Collier's cocaine conviction led to the identification of issues that have merit.

[8] On April 13, 2015, the court granted Collier's motion for relief from judgment before receiving a response from the State. On April 14, 2015, the State filed its objection and a motion to reconsider the April 13, 2015 order granting Collier's motion for relief from judgment.

[9] On May 6, 2015, the court held a hearing, and the prosecutor argued that Collier's petition had been previously denied and he was seeking to reopen it without first asking permission from the Court of Appeals to file a successive petition. The court reversed its order granting Collier's motion for relief from judgment and scheduled a hearing for May 18, 2015.

---

[1] Indiana Post-Conviction Rule 1(2) provides that "[i]f the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office."

[10] As scheduled the court held a hearing and Collier's counsel, a public defender, argued that Collier's petition should have been referred to the Public Defender. Collier's counsel stated that the Public Defender would like to receive a referral every time a petition for post-conviction relief alleging indigence and requesting the Public Defender's services is newly filed. The prosecutor argued that the State could not agree that a court "can simply regain jurisdiction because it feels like it." Transcript at 18.

[11] On July 13, 2015, the court held another hearing. The prosecutor reiterated the State's position that the court did not have jurisdiction. Collier's counsel argued that the court could vacate the prior judgment and assume jurisdiction. The court stated that it thought it was a mistake for the court to have previously summarily denied Collier's petition without appointing counsel and that it would reinstate that prior petition for post-conviction relief, noting:

> Okay the Court today would reinstate that prior P.C.R. that was filed. I know procedurally that may be error and the State may be seeking to appeal that but I suppose if that is reversed we will be back to square one. But at this point in fairness, in equity, and you know the P.C.R. rules are something that our Supreme Court has set up . . . final look at how things went in the case so what the Court would be inclined to do . . . .

*Id.* at 25. In an entry in the CCS dated July 13, 2015, the court granted Collier's "Petition to Reinstate." Appellant's Appendix at 7.

### *Discussion*

[12] The issue is whether the court erred in granting Collier's motion for relief from judgment. The State's position is that the court abused its discretion when it granted Collier's request for relief pursuant to Trial Rule 60(B) because it lacked jurisdiction, and that Collier's motion was untimely, Collier never explained the reason for the delay once he received notice of the judgment, he could not have demonstrated excusable neglect, and the delay prejudiced the State. The State also contends that Collier cannot demonstrate that his petition for post-conviction relief presents a meritorious claim.

[13] Collier argues that the court had jurisdiction to grant his motion for relief from judgment because the motion addressed only the procedural and equitable grounds warranting relief from the lower court's summary denial of his 2007 petition for post-conviction relief, not the legal merits of the judgment. He posits that the cases cited by the State are distinguishable because those cases involved litigants who enjoyed direct appeals and one or more post-conviction proceedings through appeal, and he is in pursuit of his first full and fair post-conviction hearing. He also argues that extraordinary circumstances such as not referring the petition to the State Public Defender, not holding a hearing, not serving him with notice of the denial, his incarceration, limited resources, and education, and his desire for legal representation, excuse his failure to act.

[14] Even assuming, without deciding, that a motion for relief from judgment under Ind. Trial Rule 60(B) was proper here, we conclude that Collier's motion was not filed within a reasonable time. We review a trial court's ruling on Rule 60

motions for abuse of discretion. *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006). *See also Huntington Nat. Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 658 (Ind. 2015) ("[T]he decision whether to grant or deny a party's motion is left to the trial court's equitable discretion and is highly fact specific."). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 134 S. Ct. 952 (2014). When reviewing the trial court's determination, we will not reweigh the evidence. *Id.*

[15] Ind. Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Dillard v. Dillard*, 889 N.E.2d 28, 34 (Ind. Ct. App. 2008) (quoting *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002), *reh'g denied*). "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *Id.* at 33 (quoting *G.B. v. State*, 715 N.E.2d 951, 953 (Ind. Ct. App. 1999)). A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of judgment. *Wagler*, 980 N.E.2d at 371.

[16] Collier's motion requested relief pursuant to Ind. Trial Rule 60(B)(8). Ind. Trial Rule 60(B) provides in part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

[17] A motion for relief from judgment filed for reason (8) shall be filed within a reasonable time and must allege a meritorious claim or defense. Ind. Trial Rule 60(B). Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. *Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), *trans. denied*. "The trial

court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007) (citation omitted), *trans. denied*.

[18] The record reveals that Collier pled guilty to possession of cocaine as a class D felony on August 21, 1997. In September 2007, the post-conviction court denied his petition for post-conviction relief. The CCS entries indicate that the court sent Collier a copy of the September 2007 order denying his petition in December 2008 and again in September 2012. Collier did not file a motion for relief from the September 2007 order denying his petition for post-conviction relief until more than seven and one-half years later on April 8, 2015. Under the circumstances, we cannot say that Collier filed his motion for relief from judgment within a reasonable time.

## *Conclusion*

[19] For the foregoing reasons, we reverse the post-conviction court's grant of Collier's motion for relief from judgment.

[20] Reversed.

Kirsch, J., and Mathias, J., concur.