**In the Matter of the PATERNITY OF M.W. (Child).**

**K.W. (Mother), Appellant,**

v.

**B.J. (Father), Appellee.**

No. 82A05–1010–JP–639.

Court of Appeals of Indiana.

May 20, 2011.

Steven K. Deig, Michelle A. Cox, Law Offices of Steven K. Deig, LLC, Evansville, IN, Attorneys for Appellant.

Julianne L. Fox, Evansville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

K.W. ("Mother") appeals the trial court's order granting B.J. ("Father") joint physical and legal custody of M.W.

We reverse and remand.

### ISSUE

Mother raises two issues, one of which we find dispositive: Whether the trial court abused its discretion in denying her motion for relief from judgment.

### FACTS

Mother gave birth to M.W. on May 17, 2010. Four days later, Mother signed a Title IV–D Notice and Waiver, wherein she acknowledged that the Prosecutor "does not actually represent custodial parents or custodians, but is merely providing child support services" and that she "may need to consult with a private attorney or legal services agency regarding [her] legal rights, including but not limited to . . . custody. . . ." (Father's App. 2). On June 25, 2010, M.W., by her next friend, the Vanderburgh County Prosecutor (the "Prosecutor"), filed a petition to establish paternity in Father and appropriate child support.

The trial court held a hearing on the petition on August 5, 2010. Mother appeared pro se; Father appeared in person and by counsel. The Prosecutor appeared on behalf of M.W. regarding the sole issue of child support.

During the hearing, Father admitted paternity, after which the following colloquy took place:

[Court]: . . . Have the parties reached any agreements in regard to custody or. . . .

[Father's Counsel]: I have not had an opportunity to speak with [Mother] this morning. The father would like to have joint physical and legal custody.

[Court]: Okay, any objection to that, ma'am?

[Mother]: No.

[Court]: Okay. [The] parties are ordered to have joint legal and physical custody of the child. Is either parent asking for support from the other?

[Mother]: I'm asking for support.

[Court]: You want support?

[Mother]: Yes.

(Tr. 7).

The trial court entered its judgment, finding and ordering as follows:

1. Father admits that he is the biological father of the child.

2. Parties agree to joint physical and legal custody of the child.

3. The Court does not order a set parenting time schedule, and the parties are to agree to their schedule splitting the time equally.

4. That the court orders child support in the amount of ten dollars ($10.00) per week payable through the Vanderburgh County Clerk[.]

5. That the Father is given credit for support paid directly to the Mother since the time of filing in the amount of [$360.00] and Father provided proof of payments since the birth of the parties' minor child[.]

6. That the Father is order[ed] to attend father's classes[.]

(Mother's App. 6).

The order bears a signature date of August 31, 2010, but is file-stamped August 13, 2010. According to the chronological case summary, however, the trial court clerk did not enter the order until September 15, 2010.

On or about September 15, 2010, counsel for Mother filed an appearance on her behalf. On September 29, 2010, Mother, by counsel, filed a motion to correct error and a motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(1), (2), and (8).[1] In support of the motions, Mother filed an affidavit, averring as follows:

3. I attended an initial hearing in juvenile court regarding paternity in this cause. The hearing as I understood was only intended to address child support. No one discussed with me any terms of custody, child support or parenting time except what was said in open court, which I did not understand. I did not know what joint physical and legal custody meant.

4. I am not familiar with legal proceedings of this nature and this is my first child.

5. I was not aware of my legal rights at the initial hearing, and no one present explained them to me at the hearing.

6. I was not advised at the hearing that I had a right to counsel or that I had a right to a hearing on the issues of custody, visitation and child support.

7. When I went to the hearing I was not aware that the Prosecutor would not be representing me and that I would be appearing without an attorney. I thought I would be able to talk to the Prosecutor before the hearing but was unable to do that.

8. I did not understand the legal effect of the answers I gave at the hearing when asked. Had I known the child would be staying with the father half the time I never would have agreed to this. The custody arrangement is not in [M.W.]'s best interest because there are five adults living in the home, four dogs that live in the house including a Pit Bull mix, ... a Boa Constrictor, a smaller snake, and two other reptiles. Furthermore, three of the people that live in the house smoke......

9. I do not believe that it is in [M.W.]'s best interest to share physical and legal custody with the father because it will interfere with the time that I need to bond with her. [M.W.] was not even four months old at the time of the hearing and needs to spend the majority of time with her mother. No one at the hearing asked me if it was in [M.W.]'s best interest to spend half of the time with h[er] father, and I did not understand that I was agreeing to custody half of the time, or that I would have to consult with the father regarding major aspects of [M.W.]'s life.

10. Had I understood what the Court's order meant, I would not have agreed to it because I had been the person who cared for the daily needs of [M.W.] and I believe I had bonded with her.... [Father] would have seen [M.W.] 15 times and spent a total of 24 hours and 5

---

1. A motion to correct error must be filed no later than thirty days after the entry of a final judgment or an appealable final order. Ind. Trial Rule 59(C). A motion for relief from judgment shall be filed either within a reasonable time or no more than one year after the judgment, order, or proceeding was entered. T.R. 60(B). It appears that Mother's counsel filed both motions given the uncertainty regarding the date the trial court entered the order.

minutes with her the total period of time between her birth and the time of the hearing. *Of that 24 hours only about 30 minutes were unsupervised* . . . .

11. I did not execute and file a Verified Written Stipulation regarding support, custody, and parenting time, and did not file a joint petition in this case resolving the issues of custody, child support and parenting time.

12. I was not sworn in at the hearing and no one gave testimony under oath concerning whether joint legal and physical custody was in [M.W.]'s best interest. There was no evidence regarding the age and sex of the child, wishes of the child's parents, the wishes of the child, interaction and interrelationship of [M.W.] with her parents . . . and any other person who may significantly affect her best interest, her adjustment to home, school and community, the mental health of all individuals involved, a pattern of domestic or family violence by either parent, or evidence that the child had been cared for by a de facto custodian.

(Mother's App. 53–54).

On September 30, 2010, Mother filed a motion for expedited hearing. The trial court denied Mother's motions on October 1, 2010.

## DECISION

Mother asserts that the trial court abused its discretion in denying her motion for relief from judgment. We agree.

■ We review a trial court's denial of a motion for relief from judgment for abuse of discretion. *Case v. Case,* 794 N.E.2d 514, 517 (Ind.Ct.App.2003). A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* "On a motion for relief

from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *G.B. v. State,* 715 N.E.2d 951, 953 (Ind.Ct.App.1999).

■ Trial Rule 60(B) provides, in pertinent part, as follows:

On motion and upon such terms as are just the court may relieve a party . . . from an entry of default, final order, or final judgment . . . for the following reasons:

(1) mistake, surprise, or excusable neglect; [or]

. . . .

(8) any reason justifying relief from the operation of the judgment. . . .

A motion for relief from judgment pursuant to Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Goldsmith v. Jones,* 761 N.E.2d 471, 474 (Ind.Ct.App.2002). Rather, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Id.*

■ Indiana Code section 34–14–10–1 provides that "[u]pon finding that a man is the child's biological father, the court shall, in the initial determination, conduct a hearing to determine the issues of support, custody, and parenting time." A trial court's custody determination is afforded considerable deference as it is the trial court that sees the parties, observes their conduct and demeanor and hears their testimony. *Trost–Steffen v. Steffen,* 772 N.E.2d 500, 509 (Ind.Ct.App.2002). Thus, on review, we will not reweigh the evidence, judge the credibility of witnesses or substitute our judgment for that of the trial court. *Id.* We will reverse the trial court's custody determination only if it is clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom. *Id.*

■ Regarding the determination of initial custody in a paternity proceeding, Indiana Code section 31–14–13–2 provides as follows:

The court shall determine custody in accordance with the best interests of the child. In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian. . . .

Where, as here, a trial court is making an initial custody determination, it is required to consider all evidence from the time of child's birth in determining the custody arrangement that would be in the best interest of child. *Hughes v. Rogusta*, 830 N.E.2d 898, 902 (Ind.Ct.App.2005).

■ Although the trial court in this case did conduct a hearing to determine custody, nothing in the record indicates that the trial court considered the best interests of M.W. before determining custody. Furthermore, Mother was unaware that custody would be at issue during the hearing, and at no time during the proceedings did she have benefit of counsel. Given that something as paramount as custody of a minor child is at issue, we find that Mother has established extraordinary circumstances, warranting relief from judgment pursuant to Trial Rule 60(B). *See In re Paternity of T.G.T.*, 803 N.E.2d 1225, 1230 (Ind.Ct.App.2004) (finding that the trial court abused its discretion in denying a motion for relief from judgment "[g]iven the strong policy consideration where child custody is at issue"). We therefore reverse the trial court's custody determination and remand for a new hearing.

Reversed and remanded.

RILEY, J., concurs.

BARNES, J., concurs in result with separate opinion.

BARNES, Judge, concurring in result with separate opinion.

Although I agree with the outcome reached by the majority, I believe this case is more appropriately resolved by addressing the trial court's denial of Mother's Indiana Trial Rule 59 motion to correct error as opposed to its denial of Mother's Indiana Trial Rule 60(B) motion for relief from judgment.

Indiana Trial Rule 59(C) provides that a motion to correct error "shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary." Because the chronological case summary shows that the trial court's paternity order was placed in the order book on September 15, 2010, I believe Mother's September 29, 2010 motion to correct error was timely filed.

A trial court's denial of a motion to correct error is reviewed for an abuse of discretion. *Lighty v. Lighty*, 879 N.E.2d 637, 640 (Ind.Ct.App.2008). "An abuse of

discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom." *Id.*

"Upon finding that a man is the child's biological father, the court shall, in the initial determination, conduct a hearing to determine the issues of support, custody, and parenting time...." Ind.Code § 31–14–10–1. Although I acknowledge that the trial court conducted a hearing to establish paternity, it was not an evidentiary hearing upon which a custody determination could be based. There was a complete lack of evidence on the issue of custody.

Mother's lack of objection to Father's request for joint physical and legal custody does not, in my opinion, amount to a verified written stipulation as required by Indiana Code Section 31–14–10–3, which allows a trial court to make findings without holding the required hearing if mother and the alleged father execute a verified written stipulation or file a joint petition resolving the issues of custody, child support, and parenting time. Although I encourage parents to amicably resolve parenting issues, the minimum requirements of this statute were not met here.

Under these circumstances, I believe the trial court abused its discretion by denying Mother's motion to correct error. As such, I concur in result.