Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**APRIL L. BOARD**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**STEVEN M. BUSH**
**CHRISTOPHER W. KIMBROUGH**
Millbranth and Bush
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHELLE ROSE f/k/a/ MICHELLE GRABBE, | ) ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 64A04-1312-DR-616 |
| JAY D. GRABBE, | ) ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mark Warren Coleman, Temporary Judge
Cause No. 64D02-0609-DR-8376

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Jay D. Grabbe ("Father") and Michelle Rose ("Mother") divorced. Mother had custody of the parties' two children and Father paid child support. Father filed a petition for termination of child support for their eldest child. Mother filed a petition for modification of support and contribution for college expenses.

A hearing on Father's petition was set. Prior to the hearing, Mother's counsel and Father's counsel negotiated by letter for a temporary order modifying Father's child support that could be entered in lieu of the hearing. They did not reach an agreement on a temporary amount of child support, and the hearing on Father's petition for termination of child support was held. Mother was not required to appear and did not appear, but Mother's counsel also did not appear at the hearing. The trial court granted Father's petition.

Mother filed a motion for relief from judgment arguing that her counsel's failure to appear at the hearing was due to mistake and/or excusable neglect because there was a breakdown in communication between the parties' attorneys regarding the hearing on Father's petition. The trial court found that there was no agreement regarding a temporary support order or to reset or continue the hearing on Father's petition and denied her motion.

On appeal, Mother argues that the trial court abused its discretion in denying her motion for relief from judgment. We conclude that the trial court's denial is not clearly against the logic and effect of the facts supporting its decision, and therefore we affirm. However, we remand for correction of a scrivener's error in the trial court's order.

2

**Facts and Procedural History**

When Mother and Father divorced, they had two children, J.G. and D.G. Mother was granted sole custody of the children and Father was granted parenting time according to the Indiana Parenting Time Guidelines and ordered to pay $384 per week in child support. At that time, Mother moved with the children to North Carolina.

On July 1, 2012, the presumptive age for termination of child support was lowered from twenty-one to nineteen. By that time, J.G. was already twenty years old. On April 15, 2013, Father filed a petition to terminate child support of J.G. A hearing on the petition was set for May 23, 2013. On May 17, 2013, Mother filed a petition for modification of support and contribution for college expenses. On May 23, 2013, the parties agreed to continue the hearing on Father's petition and a pretrial conference was held in chambers, at which Mother's counsel and Father's counsel appeared to discuss the exchange of financial information. A one-week deadline was set for the exchange of financial information.

By the end of May, Father had provided his 2012 income tax return and some pay stubs to Mother. On July 3, 2013, Father reset the hearing on his petition for August 8, 2013. Father sent a copy of the updated case chronological summary ("CCS") showing that the hearing on Father's petition had been reset to the trial court and to Mother's counsel. Appellant's App. at 7. Mother's counsel did not read the CCS entry until after August 8, 2013.

On July 16, 2013, Mother's counsel faxed Father's counsel a letter asking him whether an agreed order could be reached in lieu of the August 8 hearing, along with

3

Mother's 2012 income tax return, her 2012 W-2 form, and a proposed child support worksheet which reduced Father's child support to $254 per week. *Id*. at 18. On August 7, 2013, Father's counsel faxed Mother's counsel a letter stating that he did not agree with the proposed child support. He included a child support worksheet providing for a child support obligation of $214 per week. *Id*. at 27. He also wrote, "If you wish to enter an interim order right now using my numbers, I would be willing to do that. We can reserve the issue of overpayment and other matters for a further hearing." *Id*. at 26. He further informed Mother's counsel that he would be out of the office and that she should communicate with an employee named Diane.

Mother's counsel then faxed Father's counsel another letter suggesting that they reach an agreement for a temporary order for child support of $249 per week based on a new child support worksheet. Mother's counsel did not receive a response.

The hearing on Father's petition to terminate child support was scheduled for August 8, 2013, at 8:30 a.m. Father appeared in person and by counsel. Mother was not required to appear and did not appear. Mother's counsel did not appear either. The trial court unsuccessfully attempted to call her office. After concluding that Mother and her counsel had ample notice of the hearing, that it had exercised all reasonable efforts to contact Mother's counsel, and that a continuance of the matter had not been requested, the trial court began the hearing at 9:45 a.m. Father testified and his 2012 income tax return was admitted. The trial court issued an order ("Child Support Order") granting Father's petition to terminate child support for J.G. The trial court found that Father's child support should "be modified

4

to the sum of $214.00 per month, effective July 1, 2012," and that the modification of child support created an overpayment on the part of Father of $11,312, and ordered Father's child support obligation to be reduced to $50 per week. *Id*. at 11-12.

Mother filed a motion for relief from judgment alleging (1) that the August 8 hearing was supposed to focus only on the entry of the temporary order reducing child support; (2) that she left a message with someone in Father's counsel's office agreeing to the entry of a temporary order with his numbers; (3) that on August 8, her office did not receive any phone calls from the court because of an ongoing problem with her phone line; (4) that there was an error and/or miscommunication regarding this matter; (5) that Mother had a meritorious defense; (6) that the parties had not yet completed or exchanged financial declaration forms or had a pretrial conference and that Father's counsel had not submitted the proposed order to her all in violation of Porter County Family Law Local Rules ("the Local Rules"); and (7) that the Child Support Order contained a scrivener's error in paragraph 3 as it reduced child support to $214 *per month* rather than *per week*. She asked the trial court to set aside the Child Support Order and issue a temporary order reducing Father's weekly child support obligation to $214 per week and to set a hearing for "the issue of retroactivity of child support, a permanent child support number, and Father's contribution to college expenses [] at which time Mother can testify." *Id*. at 16.

On November 13, 2013, the trial court held a hearing on Mother's motion for relief from judgment. The court heard arguments from counsel and the three letters exchanged by counsel were admitted. Mother's counsel told the court that at 5:00 p.m. on August 7, she

5

called Father's counsel's office and informed someone to enter a temporary support order with his numbers and that all other matters, including issues of overpayment, a final support figure, and contribution to college could be addressed at the final hearing. Nov. 13 Tr. at 24. She further stated that the person replied, "[F]ine we'll take care of it and let him know." *Id.* at 24-25. However, Father's counsel stated that no one in his office received such a phone call from Mother's counsel and that they had not reached an agreement regarding the amount of child support. *Id.* at 19. The trial court issued an order ("Order Denying Relief") finding that "there was never an agreement between counsel as to a [child] support figure" and that "there was no agreement between counsel to either reset the August 8th hearing or to continue that hearing pending further negotiations" and denying Mother's motion in its entirety. Appellant's App. at 9-10.

## Discussion and Decision

Mother appeals the denial of her motion for relief from judgment.

> We review a trial court's denial of a motion for relief from judgment for abuse of discretion. A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just.

*In re Paternity of M.W.*, 949 N.E.2d 839, 842 (Ind. Ct. App. 2011) (citations and quotation marks omitted).

Indiana Trial Rule 60(B) provides in relevant part, "On motion and upon such terms as are just the court may relieve a party … from a judgment, including a judgment by default, for the following reasons:  (1) mistake, surprise, or excusable neglect."  In addition, a

movant filing a motion based on mistake, surprise, or excusable neglect must allege a meritorious claim or defense. Ind. Trial Rule 60(B). "A trial court's ruling with regard to a T.R. 60(B) motion is addressed to the court's equitable discretion." *Crafton v. Gibson*, 752 N.E.2d 78, 82-83 (Ind. Ct. App. 2001). "In making its decision, the trial court is required to 'balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation.'" *Id*. at 83 (quoting *Chelovich v. Ruff & Silvian Agency*, 551 N.E.2d 890, 892 (Ind. Ct. App. 1990)).

Mother asserts that the trial court abused its discretion in denying her motion for relief from judgment based on excusable neglect due to the "breakdown in communication between counsel for Mother and Father in this case as to what was to transpire at the hearing on August 8, 2013." Appellant's Br. at 14-15. She contends that the parties had not completed financial declarations and a pretrial conference had not been held as required by the Local Family Rules, and therefore "Mother could not have anticipated that Father would do anything other than enter a temporary child support order at the lower figure which was proposed *and agreed upon*." *Id*. at 15 (emphasis added).

Mother's assertion contradicts the trial court's finding that counsel never had an agreement regarding the amount of child support. The heart of the controversy seems to rest on whether there was additional communication after Mother's counsel's final letter. At the hearing on Mother's motion for relief from judgment, Mother's counsel stated to the court that she called Father's counsel's office and told someone to enter a temporary support order using his numbers. Father's counsel told the court that his office did not receive such a

7

phone call. The trial court was placed in the difficult position of determining which version of the facts proffered by opposing attorneys was more credible. The trial court chose to believe the version proffered by Father's attorney. We are not in a position to second-guess the trial court's determination of such an issue. The evidence in the record before us shows that three letters were exchanged by Mother's and Father's counsel and three different amounts for Father's child support were proposed. The last letter from Mother's counsel was a counteroffer for child support in the amount of $249 and therefore does not show an agreement to Father's counsel's proposal of $214. In addition, the letters do not suggest that the August 8, 2013 hearing was to focus solely on a temporary child support order; they suggest only that *if* an agreement on temporary support could be reached, the hearing could be continued. Mother's contention is also contrary to the CCS, which shows that a hearing on Father's petition for termination of child support was set for August 8, 2013, and which she admits she did not look at until after August 8.

As for Mother's contention that the Local Rules were violated, we agree that it does appear that violations occurred, but the violations do not support Mother's contention that the August 8 hearing was to focus on a temporary order. The financial declaration form to which Mother refers is required "[i]n all family law matters, including dissolutions, separations, post-decree and support proceedings … within 45 days of the initial filing of the action." Appellant's App. at 50. Although the parties did not exchange financial declaration forms, they did exchange 2012 income tax forms, 2012 W-2 forms, and some pay stubs. Further, Mother does not contend that they discussed exchanging financial declaration forms at the

May 23, 2013 hearing, while Father asserts that they did not discuss the need for financial declaration forms. Accordingly, the fact that these forms had not been exchanged may be a technical violation of the Local Rules, but under these circumstances, the failure to exchange the forms does not give rise to a reasonable inference that the August 8 hearing could only have been intended to address a temporary support order. The May 23 conference appears to satisfy any requirement for a pretrial conference.[1] Father's counsel was required to provide Mother's counsel with the Child Support Order and did not do so. *Id*. at 54. That is a violation, but it is not relevant to the parties' beliefs regarding the purpose of the August 8 hearing. We conclude that Mother has failed to carry her burden to show that her counsel's failure to appear at the August 8 hearing was due to mistake and/or excusable neglect.[2] Based on the logic and effect of the facts and inferences supporting the trial court's order, we cannot say that the trial court abused its discretion in denying Mother's motion for relief from judgment. Therefore, we affirm.

As for paragraph 3 of the Child Support Order, which states that Father's "child support should be modified to $214 per month," Father agrees that this is a clerical error that should read $214 "per week." Appellee's Br. at 10. Indiana Trial Rule 60(A) provides that "such mistakes may be so corrected with leave of the court on appeal." Accordingly, we

---

[1] It does not appear that the Local Rules required a pretrial conference in this case. A pretrial conference is required pursuant to the Local Rules' Domestic Relations Case Management Order, but that is required only for contested causes of actions involving dissolution of marriage or legal separation. Appellant's App. at 50. Mother does not assert that the trial court exercised its discretion to apply the Domestic Relations Case Management Order to this case.

[2] Given this determination, we need not address whether Mother has a meritorious defense.

remand for the correction of paragraph 3 to read that Father's "child support should be modified to $214 per week."

Affirmed and remanded.

BAKER, J., and BARNES, J., concur.