## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2015, 7:54 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Emerito F. Upano
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Holly J. Wanzer
Wanzer Edwards, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Paternity of William D. Anderson, III

Gierly Perrigo Ingco,

*Appellant-Respondent,*

v.

William D. Anderson, Jr.,

*Appellee-Petitioner*

August 7, 2015

Court of Appeals Case No. 29A05-1504-JP-161

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No. 29C01-0812-JP-2124

**Crone, Judge.**

# Case Summary

Gierly Perrigo Ingco ("Mother") gave birth to William D. Anderson, III ("Child"), out of wedlock. Mother and William D. Anderson, Jr. ("Father"), executed a paternity affidavit stating that Father is Child's natural father. Father filed a petition to establish paternity, and the trial court entered a decree establishing Father's paternity of Child and awarding him legal and primary physical custody. Instead of filing a direct appeal, Mother filed a motion for relief from the decree on the basis of fraud, alleging that she and Father knew that he was not Child's biological Father when they executed the paternity affidavit. The trial court denied the motion.

Mother now appeals, claiming that the trial court erred in denying her motion. Because Mother knew about the alleged fraud at its inception, participated in it herself, failed to challenge the decree on this basis in a direct appeal, and cites no relevant authority for the proposition that she may disestablish Father's paternity, we find no error and therefore affirm.

# Facts and Procedural History[1]

In December 2005, Mother gave birth to Child out of wedlock. At that time, Mother and Father executed a paternity affidavit stating that Father is Child's

---

[1] Indiana Appellate Rule 46(A)(5) provides that an appellant's statement of case shall briefly describe "the course of the proceedings relevant to the issues for review," and Rule 46(A)(6) provides that an appellant's statement of facts "shall describe the facts relevant to the issues presented for review[.]" Mother's brief is deficient in these respects. We thank Father for providing a much more detailed and helpful statement of case and statement of facts in his brief.

natural father. Initially, Mother and Father lived together with Child. When the cohabitation ended, the parties agreed that Child would live with Mother.

[4] In December 2008, Father filed a petition to establish paternity. In April 2009, Father filed an emergency petition for temporary custody. In June 2009, the trial court entered a preliminary order awarding temporary physical custody of Child to Father. In December 2014, after a hearing, the trial court issued a final judgment and decree of paternity in which it established Father's paternity of Child, awarded legal and primary physical custody to Father, and denied "[a]ll requests by Mother to set aside the paternity affidavit and to request DNA testing to confirm biological paternity" as untimely. Appellant's App. at 19. Mother did not file a direct appeal from the paternity decree.

[5] In March 2015, pursuant to Indiana Trial Rule 60(B), Mother filed what is essentially a motion for relief from the paternity decree, asserting that she signed the paternity affidavit "as a matter of necessity" because she "was in dire financial straits," that she and Father never had sexual relations, and that Father knew that he was not Child's biological father. *Id*. at 10-11; *see* Ind. Trial Rule 60(B) ("On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment … for the following reasons: … (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]"). Mother also requested DNA testing to prove that "Father committed fraud when he signed the paternity affidavit." *Id*. at 13. The trial court denied Mother's petition,

stating in its order that "this issue has previously been denied." *Id*. at 27. Mother now appeals.

## Discussion and Decision

[6] Mother appeals from the denial of her motion for relief from judgment, which we have stated "may not be used as a substitute for a direct appeal." *In re Paternity of M.W.*, 949 N.E.2d 839, 842 (Ind. Ct. App. 2011). We have also explained that "Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002). "The burden is on the movant for relief from judgment to demonstrate that the relief is both necessary and just." *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 696 (Ind. Ct. App. 2012), *trans. denied*.

> We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. A trial court abuses its discretion if its decision clearly contravenes the logic and effects of the facts and circumstances or if the trial court has misinterpreted the law.

*Prince v. Marion Cnty. Auditor*, 992 N.E.2d 214, 217 (Ind. Ct. App. 2013) (citation omitted), *trans. denied*.

[7] Here, Mother was aware of Father's alleged fraud in signing the paternity affidavit when Child was born in 2005, and she herself participated in the alleged fraud by also signing the affidavit. Moreover, Mother remained aware of the alleged fraud when the trial court issued the paternity decree in 2014, yet

she did not file a direct appeal and challenge the decree on that basis. And furthermore, Mother cites no relevant authority for the proposition that she may compel DNA testing and disestablish Father's paternity under these circumstances.[2] In sum, Mother has failed to show that she is entitled to the extraordinary remedy of relief from the paternity decree. *See Gertz v. Estes*, 922 N.E.2d 135, 138 (Ind. Ct. App. 2010) (finding that appellants were not entitled to modification of trial court's judgment where they had failed to challenge remedy in their direct appeal). Consequently, we find no abuse of discretion in the trial court's denial of her motion.

[8] Affirmed.

May, J., and Bradford, J., concur.

---

[2] In addition to contending that the trial court erred in denying her motion, Mother asserts that the court should not have awarded custody to Father over her objection, "without any proof that such custody is for the best interest" of Child. Appellant's Br. at 6. Mother should have raised this issue in a direct appeal. Also, she cites two memorandum decisions as persuasive authority for her assertions in violation of Indiana Appellate Rule 65(D).