

FILED

Apr 09 2015, 9:14 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Terrence Strong,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

April 9, 2015

Court of Appeals Case No.
49A02-1406-CR-412

Appeal from the Marion Superior
Court

The Honorable Kimberly J. Brown,
Judge

Cause No. 49F07-1108-CM-60947

**Robb, Judge.**

# Case Summary and Issues

[1]     Following a bench trial, Terrence Strong was convicted of operating a vehicle while intoxicated ("OWI"), a Class A misdemeanor, and sentenced to 365 days, all but ninety days suspended to probation. He was also found to have committed the traffic infraction of failing to stop at a stop sign, for which a fine

was imposed. Strong did not file a notice of appeal within thirty days of the final judgment in his case, but he was later granted permission to file a belated notice of appeal. Strong now raises the sole issue of whether his traffic infraction and fine must be vacated because he was subjected to double jeopardy in violation of the Indiana Constitution. The State cross-appeals, contending the trial court improperly granted Strong's motion to file a belated notice of appeal. Concluding the trial court did not abuse its discretion in allowing Strong to file a belated notice of appeal but that Strong was not subject to double jeopardy, we affirm.

## Facts and Procedural History

[2]     In the afternoon of August 26, 2011, Indianapolis Metropolitan Police Department Officer Timothy Elliott was driving west on 38th Street. When he was within a block of the intersection with Denwood Drive, he observed Strong turn right from Denwood Drive into the left-most lane of westbound 38th Street without stopping. Officer Elliott was forced to slam on his brakes to avoid colliding with Strong. Because Officer Elliott believed Strong had failed to stop at a stop sign and had improperly changed lanes, he initiated a traffic stop during which he noticed Strong exhibited signs of intoxication. A subsequent chemical test showed Strong had a blood alcohol concentration of .10.

[3]     The State charged Strong with OWI, a Class A misdemeanor; operating a vehicle with an alcohol concentration between 0.08 and 0.15 grams of alcohol per 100 milliliters of blood, a Class C misdemeanor; and failing to stop at a stop

sign, a Class C infraction. Following a bench trial, Strong was found guilty of all charges on July 30, 2013. The trial court merged the two operating convictions, sentencing Strong to one year for the Class A misdemeanor, all suspended to probation but for ninety days to be served in community corrections. The trial court also imposed fines and costs of $100 with respect to the traffic infraction. Those fines and costs were later reduced to $1.00.

[4] On March 28, 2014, Strong filed a Verified Motion to Set Hearing Regarding Permission to File a Belated Notice of Appeal. The trial court granted the motion and held a hearing on May 2, 2014, at which Strong demonstrated that neither his attorney nor the trial court advised him of his right to appeal his convictions and sentence. At the conclusion of the hearing, the trial court granted his motion to file a belated notice of appeal and stated he had thirty days from May 2, 2014 in which to file his notice of appeal.

[5] On June 5, 2014, Strong filed a Verified Second Motion for Leave to File a Belated Notice of Appeal, alleging that Strong's Belated Notice of Appeal was not filed on or before June 2, 2014 because "[d]ue to a failure of the internal processes within the Appellate Division of the Marion County Public Defender Agency, Mr. Strong's file was misplaced. This error . . . is entirely the fault of counsel and the Marion County Public Defender Agency Appellate Division and not of Mr. Strong." Appellant's App. at 60. On June 6, 2014, the trial court granted the second motion and ordered "that [Strong] is again granted leave to file a Belated Notice of Appeal as of the date of this Order[.] Said

Notice of Appeal shall be filed no later than 7-6-14." *Id.* at 62. Strong filed his Belated Notice of Appeal on June 16, 2014.

# Discussion and Decision

## I. Belated Notice of Appeal

[6] We first address the State's cross-appeal issue: whether the trial court properly granted Strong permission to file a belated notice of appeal. Indiana Post-Conviction Rule 2 provides:

> *Eligible defendant defined.* An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have had the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.
>
> * * *
>
> Section 1. Belated Notice of Appeal
>
> (a) *Required Showings.* An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if:
>
>> (1) the defendant failed to file a timely notice of appeal;
>>
>> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>>
>> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

[7] Because the trial court held a hearing on Strong's motion to file a belated notice of appeal, we review the trial court's ruling for an abuse of discretion. *Cole v. State*, 989 N.E.2d 828, 830 (Ind. Ct. App. 2013), *trans. denied*. The defendant bears the burden of proving by a preponderance of the evidence that he was

without fault in the delay and was diligent in pursuing permission to file his belated notice of appeal. *Id.* As there are no set standards for showing lack of fault or diligence, each case turns on its own facts. *Moshenek v. State*, 868 N.E.2d 419, 423 (Ind. 2007). However, relevant factors to be considered include: "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." *Id.* (citation omitted). "Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling." *Id.*

[8] The State first alleges that Strong failed to prove that he had been diligent in pursuing his appeal. At the hearing on his motion for permission to file a belated notice of appeal, Strong testified that neither the trial court nor his trial counsel made him aware of his appellate rights. The transcript of his sentencing hearing, which was admitted into evidence, and the testimony of his trial counsel support his statements. In addition, Strong testified that it was his wish to appeal his conviction and sentence and had he been advised of his appellate rights, he would have done so in a timely fashion. The State did not cross-examine Strong to elicit information about his independent awareness of his appellate rights, his education, or his familiarity with the legal system, and in fact, we are made aware of no opposition at all from the State with respect to Strong's initial request for permission to file a belated notice of appeal. Upon receiving permission to file a belated notice of appeal, Strong's file was lost

through no fault of his own and his belated notice of appeal was not timely filed. Within just a few days of the missed deadline, however, he again sought permission to file a belated notice of appeal. By all accounts, Strong acted without fault and with personal diligence in pursuing permission to file a belated notice of appeal.

[9] The State also alleges, in a footnote, that because Strong challenges his traffic infraction and fine, which is a civil penalty, he does not qualify as an "eligible defendant" under Post-Conviction Rule 2 for purposes of pursuing this appeal. An "eligible defendant" is one who, but for his failure to do so in a timely manner, would have the "right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty . . . ." Ind. Post-Conviction Rule 2. The State argues, and the dissent agrees, that Strong is not challenging a conviction or sentence and that his appeal brought under the authority of Post-Conviction Rule 2 should be dismissed.[1] We disagree.

[10] Strong's case as a whole was designated below as a criminal misdemeanor case, because in addition to the traffic infraction, Strong was alleged to have operated

---

[1] The dissent also notes that Post-Conviction Rule 1 provides that the remedy of post-conviction relief is available to a person who has been convicted of a *crime* and does not believe Strong falls within the purview of the post-conviction rules because a traffic infraction is not a "crime." Post-Conviction Rule 1 provides that "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state . . . may institute at any time a proceeding *under this Rule* to secure relief." P-C.R. 1(1)(a). Rule 1 further states that "[t]his remedy is not a substitute for direct appeal from the conviction and/or sentence and all available steps *including those under Rule PC 2* should be taken to perfect such an appeal." P-C.R. 1(1)(b) (emphasis added). Although Strong seeks a post-conviction *remedy*, he has not filed a petition for post-conviction relief under Rule 1 and Post-Conviction Rule 1(1)(b) makes it clear that the remedies available under Rules 1 and 2 are separate. We therefore do not believe that whether a traffic infraction can be defined as a "crime" is determinative.

a vehicle while intoxicated and/or with a blood alcohol content in excess of .08, both misdemeanors. Therefore, we cannot view the traffic infraction in isolation just because vacating that infraction and ensuing fine is the relief Strong requests. He requests that relief because the infraction is allegedly in violation of double jeopardy principles *when considered in conjunction with his misdemeanor conviction*.[2]

[11] Moreover, even if we do view the infraction in isolation, the Rules of Appellate Procedure governing a direct appeal classify Strong's case as a criminal appeal. Appellate Rule 2(G) defines "Criminal Appeals" as "those cases which were designated by the originating court as . . . Criminal Misdemeanor – CM; . . . Infraction – IF . . . ." Traffic infractions may be civil proceedings by statute, *State v. Hurst*, 688 N.E.2d 402, 405 (Ind. 1997), *overruled on other grounds by Cook v. State*, 810 N.E.2d 1064 (Ind. 2004), but they are nonetheless classified as criminal for purposes of appeal, *cf. Cunningham v. State*, 835 N.E.2d 1075, 1079 n.4 (Ind. Ct. App. 2005) (noting that although traffic violations are not criminal proceedings, they remain "quasi-criminal" in nature in the sense that the procedures through which they are adjudicated "bear a likeness to those procedures employed in adjudicating criminal offenses"; for example, they are enforced by police, initiated and litigated by a prosecuting attorney, and

---

[2] We also note that the trial court could not have improperly granted Strong's motion to file a belated notice of appeal for this reason because the trial court did not know – and did not have to know – what issues Strong would be raising on appeal.

violators are fined by the government), *trans. denied*. Strong should be entitled to the benefit of Post-Conviction Rule 2 as in other criminal appeals.

[12] Finally, even if Strong's appeal should be treated as a civil appeal despite the overall nature of the case and the designation given to it by the Appellate Rules such that Post-Conviction Rule 2 does not provide a viable avenue for filing a belated notice of appeal, *In re Adoption of O.R.* would offer him an opportunity to demonstrate "extraordinarily compelling reasons" justifying the filing of a belated notice of appeal. 16 N.E.3d 965, 971-72 (Ind. 2014). The trial court, in twice granting Strong's motions to file a belated notice of appeal, must have found compelling reasons to do so, and we give substantial deference to its decision.

[13] For the foregoing reasons, we hold the trial court's decision to grant Strong permission to file a belated notice of appeal was not an abuse of discretion. We further reject the State's invitation to dismiss and instead consider Strong's appeal on its merits.

## II. Double Jeopardy

[14] Strong contends there is a reasonable possibility that evidence of a single act— failure to stop at a stop sign—was used to prove that he committed a traffic infraction and also to establish endangerment supporting the elevation of the OWI offense from a Class C misdemeanor to a Class A misdemeanor.

[15] Article 1, section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." "[T]wo or more offenses are the

'same offense' in violation of Article 1, Section 14 of the Indiana Constitution if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Cross v. State*, 15 N.E.3d 569, 571 (Ind. 2014) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original)). We review double jeopardy claims de novo. *Calvert v. State*, 14 N.E.3d 818, 822 (Ind. Ct. App. 2014).

[16]   Strong contends his OWI conviction and traffic infraction violate the actual evidence test. Under the actual evidence test,

> we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation . . ., we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (quotation omitted). The double jeopardy clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense. *Id.* Determining the existence of a "reasonable possibility" requires a "practical assessment of whether the [fact finder] may have latched on to exactly the same facts for both convictions." *Id.* at 720 (alteration in original).

[17]     Assuming that Strong was placed in jeopardy with respect to his traffic infraction such that it could be vacated on double jeopardy grounds,[3] there is no need to do so here. To prove Strong violated Indiana Code section 9-21-8-32, the State had to establish by a preponderance of the evidence that Strong failed to make a proper stop at a stop sign.[4] To convict Strong of OWI, the State had to prove beyond a reasonable doubt that Strong operated his vehicle while intoxicated in a manner that endangered any person. Ind. Code § 9-30-5-2(b). Some evidence beyond intoxication is required to prove the endangerment element. *Outlaw v. State*, 918 N.E.2d 379, 381-81 (Ind. Ct. App. 2009), *adopted by* 929 N.E.2d 196 (Ind. 2010). As noted above, Strong asserts that the evidence of endangerment is that he did not stop at the stop sign on Denwood Avenue before turning onto 38th Street and thus, the evidentiary facts

---

[3] In *State v. Hurst*, our supreme court noted under federal double jeopardy analysis that "jeopardy" is not limited to criminal punishments: "nominally 'non-criminal' sanctions" can be a jeopardy if "the sanction is so punitive in effect that it can no longer be said to serve the remedial purposes of a civil sanction." 688 N.E.2d at 404. *Hurst* confronted the question of whether the imposition of a fine for committing the infraction of failure to yield the right-of-way precluded a subsequent prosecution for reckless homicide arising out of the same act. Finding that the legislature intended traffic infractions to be civil proceedings, that the enforcement of the failure to yield statute serves several remedial purposes, that the statute lacks a scienter requirement, and that the fine and court costs of approximately $60 was not grossly disproportionate, the court held "that defendant's fine for violation of the failure to yield the right-of-way statute did not constitute a first jeopardy under the [federal] Double Jeopardy Clause." *Id.* at 406. Because the defendant had not yet been criminally prosecuted and placed in jeopardy for his actions, the reckless homicide prosecution could proceed and the court did not address whether failure to yield the right-of-way and reckless homicide were the same offense. *Id.* *Hurst* was decided prior to *Richardson* announcing a separate double jeopardy test under the Indiana Constitution and no case has since discussed this issue under the state analysis.

[4] The statute reads that "[a] person who drives a vehicle shall stop at an intersection where a stop sign is erected at one (1) or more entrances to a through highway that are not part of the through highway and proceed cautiously, yielding to vehicles that are not required to stop."

establishing the essential elements of OWI established all of the essential elements of the infraction.

[18]    Officer Elliott did testify that Strong failed to stop at a stop sign before turning. However, he also testified that Strong made an improper lane change when he made a right hand turn into the lane closest to the center line rather than the lane closest to the curb, pulling into the path of Officer Elliott's vehicle and requiring Officer Elliott to abruptly apply his brakes to avoid a collision.  *See* Ind. Code § 9-21-8-21(a)(1) ("A person who drives a vehicle intending to turn at an intersection must do the following:  [m]ake both the approach for a right turn and a right turn as close as practical to the right-hand curb or edge of the roadway.").  This evidence supports the endangerment element of Strong's Class A misdemeanor OWI conviction and is independent of Strong's failure to stop at the stop sign.  Thus, Strong's double jeopardy argument fails because the actual evidence is not the same.

# Conclusion

[19]    The trial court did not abuse its discretion in granting Strong's motion(s) to file a belated notice of appeal and Strong properly proceeded under Post-Conviction Rule 2.  However, Strong's OWI conviction and traffic infraction do not constitute the same offense for Indiana double jeopardy purposes, and Strong is therefore not entitled to the relief he seeks.  His OWI conviction and sentence and his traffic infraction and fine are affirmed.

Affirmed.

Brown, J., concurs.

Bailey, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Terrence Strong,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

April 9, 2015

Court of Appeals Case No.
49A02-1406-CR-412

Appeal from the Marion Superior
Court

The Honorable Kimberly J. Brown,
Judge

Cause. No. 49F07-1108-CM-60947

**Bailey, Judge, dissenting.**

I agree with the State that the Indiana Post-Conviction rules do not entitle Strong to challenge a nominal fine on belated appeal. *See Reed v. State*, 856 N.E.2d 1189, 1193 (Ind. 2006) (observing that post-conviction proceedings do not afford a petitioner a "super-appeal" and that the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions). In my view, dismissal is appropriate. I therefore respectfully dissent.

Indiana Post-Conviction Rule 1(1)(a) specifies to whom the remedy of post-conviction relief is available, that is: "Any person who has been convicted of,

or sentenced for, a *crime* by a court of this state [who makes certain specified claims]." (emphasis added.) Post-Conviction Rule 2, under which Strong sought relief, defines an eligible defendant as one who, but for his or her failure to do so timely, would have the right to challenge on direct appeal *a conviction or sentence after a trial or plea of guilty*. (emphasis added.) Our post-conviction rules afford relief in limited circumstances to those convicted of and punished for crimes.

[23] "[T]raffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a preponderance of the evidence." *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*.[5] Strong was not convicted of, or punished for, a crime, so as to bring him within the purview of our post-conviction rules. P-C.R. 1. Dismissal is the appropriate remedy. *See Witt v. State*, 867 N.E.2d 1279, 1282 (Ind. 2007) (finding dismissal to be the appropriate remedy where a litigant failed to satisfy the requirements of Post-Conviction Rule 2).

[24] As the majority has observed, the trial court was unaware of the issue upon which the post-conviction petition would proceed. But when presented to this

---

[5] I acknowledge that Appellate Rule 2(G) defines criminal appeals to include infractions. The provision includes limiting language: "This definition is for ease of reference and does not change the substantive rights of the parties." *Id.* Moreover, a perceived conflict between rules would be resolved with the more specific rule governing over the more general. *See DeLage Landen Fin. Serv., Inc. v. Community Mental Health Center, Inc.*, 965 N.E.2d 693, 698 (Ind. Ct. App. 2012) (observing that "when two rules cover the same subject matter and one does so generally where the other does so specifically, the more specific rule prevails.") Strong's appeal, which might otherwise have been brought as a direct appeal of a civil infraction, is – due to its procedural posture – one which specifically invokes the post-conviction rules.

Court, it is clear that the only issue upon which the petitioner can be afforded relief involves a civil infraction. Broadening the post-conviction rules by judicial fiat will foster belated collateral challenges to any infraction, undermine the principle of finality, and increase strain upon limited judicial resources.

[25]    Accordingly, I dissent.