APPELLANT PRO SE

Eric D. Smith
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jun 22 2015, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

Eric D. Smith,
*Appellant*,

v.

State of Indiana,
*Appellee*.

June 22, 2015

Court of Appeals Case No.
33A04-1404-IF-187

Appeal from the Henry Circuit Court

The Honorable Bob A. Witham, Judge

Cause Nos. 33C03-1402-IF-373, 33C03-1402-IF-374

**Brown, Judge.**

[1] Eric D. Smith, *pro se*, appeals the trial court's denial of his motion for relief from judgment and his petition for post-conviction relief. Smith raises two issues which we revise and restate as:

I. Whether the trial court abused its discretion in denying his motion for relief from judgment; and

II. Whether the trial court abused its discretion in denying his petition for post-conviction relief.

We affirm.

## *Facts and Procedural History*

[2] On May 27, 2000, Smith was ticketed for disobeying a traffic signal under cause number 33I01-0007-IF-06910. He failed to appear for the bench trial on September 14, 2000, and the court ordered him to pay eighty-one dollars.

[3] On July 15, 2000, Smith was ticketed for speeding in cause number 33I01-0008-IF-08089. The case reached disposition on November 4, 2000, and Smith failed to pay the resulting fine of eighty-one dollars.

[4] In February 2014, Smith filed a motion for relief from judgment pursuant to Ind. Trial Rule 60(B)(8) under both cause numbers. He alleged that he just learned of the cases by contacting the trial court about traffic violations, that he was innocent of the charges, that he had been serving in the United States Army in Korea and Fort McCoy, Wisconsin, that somebody had stolen his car and driver's license and must have impersonated him, and that he never received any notice. On March 5, 2014, the State filed its response to Smith's

motions, and on March 10, 2014, the court denied Smith's motion for relief from judgment as to each cause number.

[5] That same month, Smith filed a petition for post-conviction relief under both cause numbers, asserting that he was not given notice of any charges or court hearings, was not afforded counsel, was innocent of the charges, and was a victim of identity theft.

[6] An entry in the chronological case summary for each cause number states: "Post Conviction Relief is available to defendants who have been convicted of a crime. These cases involve infractions which are civil in nature and not crimes. Accordingly, Post Conviction Relief is not available to the defendant in these cases." Appellant's Appendix at 6, 56.

[7] On April 9, 2014, Smith filed a notice of appeal of the court's denial of his motions for relief from judgment and petitions for post-conviction relief.

### Discussion

[8] Initially, we observe that Smith is proceeding *pro se*. Such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

### I.

[9] The first issue is whether the trial court abused its discretion in denying Smith's motion for relief from judgment. We review a trial court's ruling on Rule 60 motions for abuse of discretion. *Outback Steakhouse of Fla., Inc. v. Markley*, 856

N.E.2d 65, 72 (Ind. 2006). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 134 S. Ct. 952 (2014). When reviewing the trial court's determination, we will not reweigh the evidence. *Id.*

[10] Ind. Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Dillard v. Dillard*, 889 N.E.2d 28, 34 (Ind. Ct. App. 2008) (quoting *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002), *reh'g denied*). "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *Id.* at 33 (quoting *G.B. v. State*, 715 N.E.2d 951, 953 (Ind. Ct. App. 1999)). A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of judgment. *Wagler*, 980 N.E.2d at 371.

[11] Smith's motions requested reversal pursuant to Ind. Trial Rule 60(B)(8) and he cites Rule 60(B)(8) on appeal. Ind. Trial Rule 60(B) provides in part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

* * * * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

[12] "The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)." Ind. Trial Rule 60(B). "A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense." *Id.* A meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." *Butler v. State*, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (quoting *Bunch v. Himm*, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008)). "Absolute proof of the defense is not necessary, but there must be 'enough admissible evidence to make a *prima facie* showing' that 'the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand.'" *Id.* (quoting *Bunch*, 879 N.E.2d at 637). "The trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind. Ct. App. 2007), *trans. denied* (citation omitted).

[13]     Smith argues that he filed his motions in a reasonable time, that exceptional circumstances were shown to justify relief, and that his motions demonstrated a meritorious defense. He asserts that someone impersonated him and he was outside of Indiana on military duty at the time of the offenses. He contends that the decision of the trial court conflicts with a decision from the Noblesville City Court that granted his identical motion for relief in another cause, and that the trial court did not balance his hardship and alleged injustice against the interest of the State and society in general, nor did it conduct a hearing to determine if he was indigent. The State argues that Smith's account for the delay is inadequate, the delay has prejudiced the State, and Smith has failed to prove his claim.

[14]     With respect to the State's argument that Smith's motion is untimely, a motion under Trial Rule 60(B)(8) must be filed "within a reasonable time." Trial Rule 60(B). Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. *Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), *trans. denied*. In his motions for relief from judgment, Smith stated that he "just learned of this case by contacting the trial court about traffic violations . . . ." Appellant's Appendix at 7, 57. However, he did not specifically state when he contacted the traffic court.

[15]     Additionally, Smith did not meet his burden of demonstrating that relief was justified. His military records do not indicate where he was in May or July

2000, the dates of his infractions. Absent any further evidence, there is nothing in the record other than Smith's self-serving arguments to support his claims that he was not the person who disobeyed a traffic signal or was caught speeding. Accordingly, because he did not present a meritorious defense, we conclude that the trial court did not abuse its discretion in denying his motion for relief.

[16] To the extent Smith argues that the trial court erred because it imposed a fine and did not conduct a hearing to determine if he was indigent, we observe that Smith's adjudication was civil in nature, and a trial court is not required to conduct an indigency hearing where there is no chance that a party will be imprisoned for non-payment. *See Pridemore v. State*, 577 N.E.2d 237, 238 (Ind. Ct. App. 1991) (holding that traffic infractions are civil proceedings in nature and that there can be no imprisonment), *reh'g denied*; *see also Ladd v. State*, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999) (holding that when restitution is ordered as part of an executed sentence, an inquiry into the defendant's ability to pay is not required, and in such a situation, restitution is merely a money judgment, and a defendant cannot be imprisoned for non-payment).

[17] We also do not find any merit in Smith's argument that, because the Noblesville City Court granted him relief in a case involving similar issues, the trial court here was required to do the same. The decision of one trial court is not binding on another trial court. *See Ind. Dep't of Natural Res. v. United Minerals, Inc.*, 686 N.E.2d 851, 857 (Ind. Ct. App. 1997), *reh'g denied*, *trans. denied*. In the Noblesville court's order granting relief from a judgment, the

court stated that it had verified that Smith was incarcerated on September 26, 2001, which was presumably the date of the infraction, and based on this verification, the court granted relief. Unlike the Noblesville court, the trial court here was not able to verify Smith's whereabouts on the date of his infractions. That difference justifies the dissimilar outcomes. Additionally, the Noblesville court's verification that Smith was incarcerated on September 26, 2001, is not relevant here as that date is at least ten months after the latest disposition at issue. Accordingly, the trial court was not required to grant relief based upon that court's decision. We cannot say that the trial court abused its discretion by denying Smith's motion for relief from judgment.

## II.

[18] The next issue is whether the post-conviction court erred in denying Smith's petition for post-conviction relief. The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). Smith cited Post-Conviction Rule 1 which provides that "[a]ny person who has been convicted of, or sentenced for, a *crime* by a court of this state . . . may institute at any time a proceeding under this Rule to secure relief." Ind. Post-Conviction Rule 1(a) (emphasis added).

[19] The violations of the motor vehicle code that Smith was accused of committing were disregarding a traffic control device and speeding. Both constitute infractions and not crimes. "[T]raffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a

preponderance of the evidence." *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*. Consequently, we cannot say that Ind. Post-Conviction Rule 1 provides a remedy.[1] *See State v. Hurst*, 688 N.E.2d 402, 403-406 (Ind. 1997) (concluding that the proceedings for a violation of the failure to yield the right-of-way statute are civil and the defendant who had been found to have failed to yield the right-of-way, a class C infraction, and ordered to pay a fine of seven dollars had not been criminally prosecuted for his actions).

### Conclusion

[20] For the foregoing reasons, we affirm the trial court's denial of Smith's motion for relief from judgment and petition for post-conviction relief.

[21] Affirmed.

Crone, J., and Pyle, J., concur.

---

[1] We acknowledge that in *Strong v. State*, 29 N.E.3d 760, 765-766 (Ind. Ct. App. 2015), this court held that traffic infractions are classified as criminal for purposes of appeal under Ind. Appellate Rule 2(G) and that a defendant should be entitled to the benefit of Post-Conviction Rule 2 as in other criminal appeals. Unlike in *Strong*, Smith did not appeal the determination that he committed an infraction, but filed a motion for relief from judgment and a petition for post-conviction relief under Post-Conviction Rule 1. Thus, we do not find *Strong* instructive.