# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2018, 11:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jaron Parker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 18, 2018<br><br>Court of Appeals Case No.<br>49A02-1709-CR-2054<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clayton Graham, Judge<br><br>Trial Court Cause No.<br>49F07-1201-CM-4042 |

**Barnes, Judge.**

# Case Summary

Jaron Parker appeals the trial court's order converting his unpaid fines and fees in a criminal case to a civil judgment. We affirm.

# Issue

The issue before us is whether the trial court was required to conduct an indigency hearing prior to converting Parker's unpaid fines and fees to a civil judgment.

# Facts

On September 18, 2012, Parker pled guilty to Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person. Pursuant to the plea agreement, Parker was sentenced to 365 days, two days which he received credit for, and 363 days were suspended to probation. As a condition of probation, Parker was ordered to complete the AAID Destructive Decision Panel and AET, abstain from using alcohol, submit to random urinalysis, complete sixteen hours of community service work, comply with a 90-day license suspension, and pay a countermeasure fee, alcohol/drug services fee, and $166.50 in court costs. Parker's judgment of conviction informed him of his monetary obligations, stating that "all court-ordered fees may be entered as a Civil Judgment," and that if Parker did not pay his fees in a satisfactory manner as determined by probation, they could be referred to the city for collection. App. Vol. II p. 39.

[4] On December 18, 2012, the probation department filed a notice of probation violation, alleging that Parker failed to report to probation, comply with substance abuse treatment, attend the AAID Destructive Decisions Panel, comply with community service work, comply with urine drug screens, and comply with his court-ordered financial obligation. Parker's probation officer noted that Parker entered into a pay agreement with the probation department in which he was to make monthly payments of $91.50 beginning in October of 2012. Parker advised the probation department that he would make two payments in November of 2012 in order to be current with his fees, but he failed to make any payments. As a result of the numerous probation violations, the probation department requested a warrant to be issued for Parker's arrest. Parker's arrest warrant was issued by the trial court on December 19, 2012.

[5] Nearly five years later, on August 13, 2017, Parker was arrested on the warrant. On August 16, 2017, by agreement, Parker admitted his probation violations and was placed on community corrections home detention for 245 days. At the hearing on his probation violation, his counsel requested that Parker's fines be waived. The trial court denied Parker's request and ordered that his outstanding fees of $861.50 be converted to a civil judgment because these fees had been lingering and unpaid since September 18, 2012. Parker was allowed to speak during his probation violation hearing. He apologized but did not make any financial claims or arguments regarding his ability to pay. Parker now appeals the trial court's order converting his unpaid fines and fees to a civil judgment.

## Analysis

[6] Parker argues that the trial court was required to conduct an indigency hearing prior to converting his unpaid fines and fees to a civil judgment. Sentencing decisions include decisions to impose fees and costs. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011). Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion has occurred when the sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007).

[7] When a trial court imposes costs and fines, it shall conduct a hearing to determine whether the convicted person is indigent. Ind. Code § 35-38-1-18(a). The purpose of the indigency hearing requirement is to assure that a defendant will not be imprisoned for inability to pay imposed fines and costs. *Wooden v. State*, 757 N.E.2d 212, 217 (Ind. Ct. App. 2001). A trial court is not required to conduct an indigency hearing where there is no chance that a party will be imprisoned for non-payment. *Smith v. State*, 38 N.E.3d 218, 222 (Ind. Ct. App. 2015). An individual cannot be imprisoned for failure to pay a civil money judgment because Article 1, § 22 of the Indiana Constitution provides that "there shall be no imprisonment for debt, except in case of fraud [.]" *Pettit v. Pettit*, 626 N.E.2d 444, 448-49 (Ind. 1993).

[8]     Following his charge of Class A misdemeanor operating a vehicle while intoxicated in a manner that endangers a person, Parker entered into a plea agreement with the State in which he would not serve any jail time but instead would be on probation. Pursuant to the terms of his probation, Parker was ordered to pay a countermeasure fee, alcohol/drug services fee, and $166.50 in court costs. Parker entered into a pay agreement with the probation department in which he was to make monthly payments of $91.50 beginning in October of 2012. After failing to make his October 2012 payment, Parker advised the probation department that he would make two payments in November of 2012 in order to be current with his fees, but he failed to make any payments. Parker's judgment of conviction made him well aware that all court-ordered fees may be entered as a civil judgment and that if he did not pay his fees in a satisfactory manner, they could be referred to the city for collection.

[9]     Following Parker's probation violations and his arrest, nearly five years after the arrest warrant was issued, Parker still was not imprisoned but instead was placed on community corrections home detention for 245 days. The trial court then ordered that his outstanding fees of $861.50 be converted to a civil judgment because these fees had been lingering and unpaid since September 18, 2012. Parker made a statement during his probation violation hearing, in which he made no financial claims or arguments regarding his ability to pay.

[10]    Here, the order of the civil judgment was not an imposition of costs and fines, and thus did not require an indigency hearing. The trial court had imposed fines and costs on September 18, 2012 as a term of Parker's probation. Parker

knew that those fees may be entered as a civil judgment and that if he did not pay his fees in a satisfactory manner, they could be referred to the city for collection. As a result of Parker's failure to make a payment, his fees were ordered as a civil judgment.

[11] Also, Parker was not imprisoned for his Class A misdemeanor; nor was he imprisoned when he violated his probation, by, among other things, failing to make payments, and was arrested five years later. Furthermore, there is no reason to believe that Parker could be imprisoned for failure to pay his civil judgment. Because Parker made no financial claims or arguments regarding his ability to pay, the trial court's order of the civil judgment was not an imposition of costs and fines, and there was no chance that Parker would be imprisoned for non-payment, the trial court was not required to conduct an indigency hearing prior to converting Parker's unpaid fines and fees to a civil judgment. The trial court's order of a civil judgment was not clearly against logic and effect of the facts and circumstances before the court and, thus, was not an abuse of discretion.

## Conclusion

[12] The trial court was not required to conduct an indigency hearing prior to converting Parker's unpaid fines and fees to a civil judgment. We affirm.

[13] Affirmed.

Najam. J., and Mathias, J., concur.