## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 14 2020, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gary A. Jackson, Sr.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary A. Jackson, Sr.,

*Appellant-Respondent,*

v.

Christina C. Jackson, et al.,

*Appellee-Petitioner,*

and

State of Indiana,

*Appellee*

July 14, 2020

Court of Appeals Case No.
20A-DR-40

Appeal from the Monroe Circuit Court

The Honorable Catherine B. Stafford, Judge

Trial Court Cause No.
53C04-0408-DR-459

**Baker, Judge.**

[1] Gary Jackson, Sr., appeals the trial court's order denying his motion to recalculate his child support arrearage. Finding no error, we affirm.

[2] The relevant procedural timeline of events is as follows:

- In 2004, the marriage of Jackson and his former wife was dissolved. Jackson was ordered to pay child support for two of his children.
- On January 26, 2009, Jackson filed a motion for a change of judge. Through a series of events, the original trial judge ended up retaining his assignment to the case. Jackson did not appeal.
- On December 5, 2013, Jackson filed a new motion for a change of judge. The motion was granted, and the case was transferred to a new judge. The case was transferred to a commissioner but then transferred back to the judge at Jackson's request.
- On June 12, 2014, Jackson filed a motion requesting that our Supreme Court appoint a special judge. Our Supreme Court remanded the case back to the trial court, which resumed jurisdiction.
- On August 5, 2016, the State filed a petition to modify child support. Following the hearing, Jackson's child support obligation was reduced from $112 to $52 per week. Jackson did not appeal.
- On March 5, 2018, the trial court held a child support review hearing. At that hearing, Jackson raised a multitude of procedural issues, challenging the authority of previous judges assigned to his case dating back to the 2009 order. He also raised a number of challenges to previous orders related to child support arrearages and parenting time. The trial court declined to review the previous orders. Jackson filed a motion to correct error, which the trial court denied. Jackson did not appeal.
- On April 22, 2019, the trial court emancipated Jackson's youngest child effective May 1, 2018, ending Jackson's child support obligation. On May 30, 2019, the trial court held an arrearage determination hearing and entered a default judgment against Jackson because he failed to appear. The commissioner calculated Jackson's arrearage using the Indiana Support Enforcement Tracking System and found that he owes $20,343.29. The trial court approved the commissioner's recommendation. Jackson did not appeal.

- On September 30, 2019, Jackson filed a motion to recalculate his arrearage. In his motion, he again reviewed the entire history of the case, challenging orders dating back to 2009. On December 19, 2019, the trial court denied Jackson's motion to recalculate, holding that it would not address previous orders because he did not appeal those orders and noting that he raised no new arguments or evidence that were not considered at the May 2019 arrearage determination hearing.

Jackson now appeals.

[3] On appeal, Jackson attempts, again, to challenge past orders that he did not appeal. He argues about the commissioner and one of the judges who oversaw the case in prior years;[1] he argues that the August 2016 child support order was erroneous; and he argues that the Child Support Guidelines were not followed and the child support worksheet was invalid. He did not appeal any of these orders—including the original arrearage order—and we may not and will not review them at this untimely juncture. *See Counceller v. Counceller*, 810 N.E.2d 372, 376 (Ind. Ct. App. 2004) (holding that res judicata bars re-litigation of an issue where there has been a final judgment on the merits of the same issue between the same parties by a court of competent jurisdiction).

---

[1] The Monroe Circuit Court had jurisdiction to determine the child support arrearage amount and the commissioner, who is a member of the Monroe County Circuit Court, operated with subject matter jurisdiction when he made the arrearage recommendation (as did the trial judge when approving that recommendation). *See Mariga v. Flint*, 822 N.E.2d 620, 630 (Ind. Ct. App. 2005) (observing that Indiana superior and circuit courts have statutory jurisdiction to rule on child support cases).

[4]    The only order that is reviewable at this point is the order denying Jackson's motion to recalculate his arrearage.[2]  And Jackson does *not* argue that the calculation of the amount of his arrears, which is based on the previous child support orders (which he cannot now challenge) and the amounts he has failed to pay over the years (which he does not deny), is inaccurate.  This is the only argument we could review at this point in the case.  As it is undisputed that the calculation of his arrearage is correct, we affirm.[3]

[5]    The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[2] And whether even this order is reviewable is debatable.  It could be plausibly argued that the "motion to recalculate arrearage" amounts to an untimely motion to correct error.  Ind. Trial Rule 59(C) (motions to correct error must be filed within thirty days of final judgment).

[3] To the extent that Jackson challenges the authority of the State to file an appellee's brief in a child support case, we note that the State is a party in the collection of child support under Title IV-D.  *See* Ind. Code § 31-25-3-1 *et seq.* (providing for the creation of a State child support bureau, which is charged with the administration of Title IV-D of the federal Social Security Act, and a State central collection unit, which collects and processes all child support payments).